Michael Pawk, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

458

Argued September 13, 1978, before President Judge Bowman and Judges Crumlish, Jr., Mencer, Rogers, Blatt, DiSalle and Craig. Judges Wilkinson, Jr. and MacPhail did not participate.

*Leo M. Stepanian,* with him *John J. Vierthaler,* for petitioner.

*Elissa Parker,* Assistant Attorney General, for respondent.

Opinion by Judge Crumlish, Jr., December 29, 1978:

This is an appeal by Michael Pawk (Appellant) from an adjudication and order of the Environmental Hearing Board (EHB) affirming the order of the

Department of Environmental Resources (DER) directing Appellant to remove a culvert and roadfill that he had constructed in West Butler Creek, to dredge the creek and grade and vegetate its slopes.

Underlying the appeal are the following facts. On February 15, 1974, DER issued an order pursuant to Section 5 of the Water Obstructions Act, Act of June 25, 1913, P.L. 555, *as amended*, 32 P.S. §685; Section 1917-A of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, added by the Act of December 3, 1970, P.L. 834, *as amended*, 71 P.S. §510-17; and Section 5 of a permit previously issued to Appellant. The Water and Power Resources Board (Board) of the Department of Forests and Waters (predecessor to DER) had authorized the construction of the culvert by permit in 1968 which DER has now ordered removed. The 1974 order is based on evidence that the culvert and landfill constructed by Appellant have caused flooding of neighboring properties and homes, constitutes a dangerous obstruction which will cause future flooding, and is a nuisance which affects the public health.

Appellant frames five issues for our review:

1. Does the Environmental Hearing Board lack jurisdiction because an administrative agency initially elected to pursue its remedy in the Court of Common Pleas and is thereafter precluded from proceeding by the issuance of an administrative order?

2. Is an order of an administrative agency which attempts to amend a prior order of a Court of Common Pleas valid and enforceable?

3. Does the summary denial ex parte without hearing or the taking of testimony of a petition to take testimony on the basis of after-discovered evidence violate due process?

4. Did the respondent meet its burden of proof by a preponderance of the credible evidence?

5. Is an administrative agency estopped from questioning the previous issuance of a permit to construct a culvert when the agency recommended the size and type and thereafter changed its capacity standards?

Appellant's first and second contentions arise out of the following factual situation. After authorization to construct the culvert in 1968, Appellant experienced difficulties with the culvert and fill, in that the culvert collapsed and the fill slid into West Butler Creek. On October 29, 1970, the Board filed a "Request for Injunctive Relief" in the Court of Common Pleas of Butler County, requesting that Appellant repair the culvert and remove the fill. The Court of Common Pleas, by order of court and consent decree, directed Appellant to perform corrective work, with which Appellant complied. Thereafter, as a result of severe flooding in 1973, and numerous complaints, and after inspection of the culvert, DER ordered removal of the culvert and fill which the Board had previously approved.

Appellant has continually asserted that DER had no authority to issue the 1974 order, that the EHB had no jurisdiction, and that the 1974 order was in fact an unlawful attempt to modify the 1970 order of the Court of Common Pleas. We disagree.

DER was clearly authorized to act by administrative order pursuant to the express language of Section 5 of the Water Obstructions Act, 32 P.S. §685, and Section 1917-A of the Administrative Code, 71 P.S. §510-17. Appellant's belief that the doctrine of election of remedies somehow precluded DER from issuing the 1974 order because DER had previously sought injunctive relief in 1970 fails to comprehend the basis of that doctrine as thoughtfully explained by President Judge Bowman in *Department of Environmental Resources v. Leechburg Mining Co.*, 9

Pa. Commonwealth Ct. 297, 305 A.2d 764 (1973). The doctrine is aimed at precluding administrative bodies from seeking relief by resort to multiple actions based on the same cause of action. It is inapplicable where, as here, the factual circumstances, the relief prayed for, and the cause of action are distinct. The 1970 equitable action sought remedial relief after Appellant's culvert and landfill collapsed during construction. The 1974 order is aimed at complete removal of a dangerous obstruction, not because of an inadvertent collapse, but rather because as built, it constitutes a threat to property in the area. This negates Appellant's other contentions that the 1974 order was an attempt to modify the 1970 order of the Court of Common Pleas.

Appellant's next contention relates that the denial of his petition to take additional testimony on the basis of after-discovered evidence was arbitrary, capricious and a denial of due process. We find no abuse of discretion on the part of the Board in denying the petition on the merits. The petition and attached exhibit were not such evidence as would likely compel a different result in the case. *Commonwealth v. Johnson,* 228 Pa. Superior Ct. 364, 323 A.2d 295 (1974). Evidence that a flood control dam project might be proposed and then might be constructed is not such evidence which requires the Board to reopen the case.

Appellant's contention that the procedures involved in denying the petition violated due process is completely unsupported by the petition and likewise without merit.

The Administrative Agency Law, 2 Pa. C.S. §704, limits our scope of review to a determination as to whether or not the findings of fact are supported by substantial evidence, whether or not an error of law was committed, or whether or not Appellant's consti-

tutional rights were violated. This scope of review prohibits the Court from making judgments as to the credibility and weight to be given the evidence. Therefore, Appellant's claim that the expert witness was not credible and that conflicting evidence was presented is without merit. Our review of the record and, in particular, the testimony of DER's expert witness regarding the water-carrying capacity of the culvert and his opinion that it presents a danger of future flooding, convinces us that there was substantial evidence on which the Board could base its findings and conclusions.

Appellant's final contention that DER is estopped from questioning the size and slope of the culvert that its predecessor previously recommended in the 1968 permit ignores the fact that the permit contains the following waiver:

> 5. If future operations by the Commonwealth of Pennsylvania require modification of the structure or work, or if, in the opinion of the Water and Power Resources Board, it shall cause unreasonable obstruction to the free passage of floods or navigation, the permittee shall, upon due notice . . . remove or alter the structural work. . . .

Though our Court sympathizes with the financial and personal dislocation forced upon Appellant, it is clear that such risks were inherent in the 1968 permit under which Appellant was given the opportunity to build such culvert.

Accordingly, we

### Order

And Now, this 29th day of December, 1978, the appeal of Michael Pawk is dismissed and the order of the Environmental Hearing Board is affirmed.