Wiley House, Petitioner *v.* Robert G. Scanlon, Secretary of Education, Respondent.

Argued April 9, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*John D. Killian, Killian & Gephart,* for petitioner.

*John A. Alzamora,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MENCER, July 21, 1981:

Wiley House has appealed from an order of the Secretary of Education (Secretary) which denied its application for status as an approved private school for socially and emotionally disturbed children. We affirm.

On April 6, 1977, Wiley House filed an application with the Department of Education (Department) seeking approval as a day special-education school and requesting state tuition reimbursement. The Department sent a three-member evaluation team to Wiley House on June 14, 1978, which determined that Wiley House did not meet the criteria necessary for status as an approved private school. The Secretary issued a notice directing Wiley House to show cause why approval of its application should not be denied. Wiley House requested, in its answer to the show-cause notice, a hearing which was then held before a hearing examiner during January and February 1979. The hearing examiner issued a report to the Secretary recommending that the application be denied on the grounds that (1) Wiley House does not maintain an educational institution which complies with the Department's regulatory standards and (2) Wiley House has not demonstrated a legitimate need for its program as required by the Department's regulations. On May 15, 1980, the Secretary adopted the hearing examiner's report and dismissed the application of Wiley House.

In support of his conclusion that Wiley House had not complied with the Department's standards for an approved private school, the Secretary adopted, *inter alia*, the following findings of fact made by the hearing examiner:

13. The student interns used in the Wiley House classrooms do not provide full-time supportive assistance to the classroom teachers as contemplated by the Special Education Standards.

.. 

....

23. Wiley House lacks an immediately available supervisor or other competent and trained person to handle a student in a period of crisis and to remove that student, if necessary, from the classroom.

....

25. Wiley House's behavior management systems do not work effectively to permit its classroom teachers to control classroom conduct adequately and to prevent pupil crisis from interfering with instruction.

In determining that part-time student aides provided insufficient assistance for the classroom instructors, the Secretary relied upon Section 341.57(b) of the Standards for Special Education, 22 Pa. Code §341.57(b), which provides that "[p]araprofessional and supportive personnel shall be employed in accordance with specific program needs." The Secretary ruled that, because of the special needs of socially and emotionally disturbed children, the teachers at Wiley House required supportive personnel on a full-time basis. Our review of the record reveals ample evidence to support the determination that back-up personnel were needed to maintain classroom order at Wiley House.

The Secretary also found that Wiley House lacked an employee who could properly serve as the classroom supervisor, within the meaning of Section 171.22(b) of the Standards for Approved Private Schools, 22 Pa. Code §171.22(b). Section 171.22(b) states: "Each approved private school shall have at least one supervisor with public school certification appropriate to his assignment." Wiley House argues that Richard J. Heydt is the school's properly certified supervisor, even though he also serves as a full-time classroom teacher. An administrative agency's inter-

pretation of its own regulation, however, is entitled to controlling weight unless it is plainly erroneous or inconsistent with the regulation. *Department of Public Welfare v. Forbes Health System*, Pa. , 422 A.2d 480 (1980). We cannot say that the Secretary is "plainly erroneous" in construing Section 171.22(b) to require that an approved private school employ a supervisor who is fully available to "supervise," without the burden of concurrent teaching obligations.

The Secretary further found that the behavior management system used at Wiley House was inadequate to control classroom conduct. The Secretary based this finding on the testimony given by the three evaluators, all of whom noted the lack of order in the classroom and related incidents of "fist fights" and "unruly behavior" during class instruction time. Wiley House argues that the evaluators' observations are invalid because their visits were conducted during lunch and free-time periods when supervision is normally relaxed. This argument raises a matter of credibility which the Secretary resolved against Wiley House in the proper exercise of his fact-finding role.[1] *See, e.g., Pawk v. Department of Environmental Resources*, 39 Pa. Commonwealth Ct. 457, 395 A.2d 692 (1978).

We therefore affirm the order of the Secretary[2] and enter the following

---

[1] Our scope of review of decisions of the Secretary is limited to a determination of whether there was a violation of constitutional rights, an abuse of discretion, or an error of law, or whether a necessary finding of fact is unsupported by substantial evidence. *Gobla v. Crestwood School District*, 51 Pa. Commonwealth Ct. 539, 414 A.2d 772 (1980).

[2] Our ruling on the failure of Wiley House to comply with the Department's regulatory standards is dispositive of this appeal; we therefore will not address the validity of the Secretary's decision regarding the lack of need for the Wiley House program.

### Order

And Now, this 21st day of July, 1981, the order of the Secretary of Education, dated May 15, 1980, denying and dismissing the application of Wiley House for approval as an Approved Private School, is hereby affirmed.