Eugene Gundy, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs July 22, 1983, to Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*James T. Huber,* for petitioner.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 30, 1984:

This is a petition by Eugene Gundy (petitioner) seeking review of an administrative order of the Pennsylvania Board of Probation and Parole (Board) denying administrative relief from a Board recommitment order. Petitioner alleges the Board's action which recommits him as a technical violator and as a convicted violator for a new conviction based on the same conduct violates the prohibitions against double jeopardy contained in both the Federal and Pennsylvania Constitutions.[1]

The petitioner was convicted of Possession with Intent to Deliver a Controlled Substance[2] and Possession of a Controlled Substance[3] and sentenced to a term of twenty-one months to fifty-nine months, twen-

---

[1] The original Petition for Review filed by petitioner raised an additional issue regarding the Board's computation of the new maximum term expiration date of petitioner's parole sentence. Petitioner's brief indicates that this issue has since been resolved to petitioner's satisfaction and is accordingly not considered in this decision.

[2] Section 13(30) of The Controlled Substance, Drug Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780-113(30).

[3] Section 13(16) of the Drug Act, 35 P.S. §780-113(16).

ty-nine days, by the Court of Common Pleas of Lehigh County. The Board paroled petitioner on that sentence on May 27, 1980.[4]

On December 21, 1981, petitioner was arrested by Lehigh County authorities on charges of Aggravated Assault,[5] Simple Assault,[6] Terroristic Threats,[7] and Prostitution.[8] The Board lodged its warrant and detainer against petitioner the same day and petitioner remained incarcerated in Lehigh County Prison.

The Board charged petitioner with technical parole violations and held a Violation Hearing at the Lehigh County Prison. The Board recorded an administrative order on May 19, 1982 recommitting petitioner as a technical violator for 12 months backtime, when available, for violation of general parole condition 5C. General parole condition 5C requires that parolees refrain from any assaultive behavior. 37 Pa. Code §63.4(5)(iii).

Petitioner was convicted in the Court of Common Pleas of Lehigh County on August 23, 1982 of Simple Assault and Prostitution and was sentenced to a term of twenty-three months probation. Following petitioner's conviction, the Board afforded him a Revocation Hearing at Lehigh County Prison charging that petitioner was now in direct violation of his parole by committing a crime for which he was convicted while serving a parole term. On October 29, 1982 the Board reaffirmed its previous order regarding the technical parole violations and ordered petitioner re-

---

[4] Petitioner was not paroled to the street at this time but rather to a Lehigh County detainer sentence of three to six months. Petitioner remained in Lehigh County Prison until being granted parole on that sentence.

[5] 18 Pa. C. S. §2702.

[6] 18 Pa. C. S. §2701.

[7] 18 Pa. C. S. §2706.

[8] 18 Pa. C. S. §5902.

committed as a convicted violator to serve an additional twelve months on backtime for a total of twenty-four months on backtime. The Board also extended petitioner's maximum term expiration date of his parole sentence to October 3, 1984.

The issue presented to us is whether the Board violated petitioner's right to be free of double jeopardy guaranteed by both the Federal and Pennsylvania Constitutions when it recommitted him as both a technical and convicted violator for parole violations arising from the same conduct. The Board based the technical violation on the same assaultive behavior upon which petitioner's new conviction was based. The Board then used the new conviction to recommit petitioner as a convicted violator.[9] Petitioner argues that this constitutes double punishment for the same offense which violates the double jeopardy clause of the Fifth Amendment of the Federal Constitution and Article I, Section 10, of the Pennsylvania Constitution.

As the Board correctly notes, we considered this precise issue in *McClure v. Pennsylvania Board of Probation and Parole,* 75 Pa. Commonwealth Ct. 176, 461 A.2d 645 (1983), in which we specifically held that the double jeopardy prohibitions did not apply to parole revocation proceedings of the Board.[10] The United States Supreme Court has held that the double

---

[9] We note that Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.21a, as well as the Board's administrative regulations, treat violations of the technical conditions of parole and direct violation of parole by a new criminal conviction as separate and distinct matters.

[10] In *McClure* the parolee was found to have a firearm in his possession in violation of general parole condition 5B, 37 Pa. Code §63.4(5)(ii), which also supported petitioner's new criminal conviction for possession of that same firearm for which the parolee was also recommitted by the Board as a convicted violator.

jeopardy prohibition of the Fifth Amendment is applicable to *criminal* prosecutions and prohibits merely the punishing twice or attempting to punish twice *criminally* an offender for the same offense.[11] *United States ex rel. Marcus v. Hess,* 317 U.S. 537, reh. denied, 318 U.S. 799 (1943). Additionally, the Supreme Court has also stated that double jeopardy does not prohibit the imposition of both criminal and noncriminal sanctions upon a defendant for the same conduct. *See Helvering v. Mitchell,* 303 U.S. 391 (1938).

It is now clear that the Board's parole revocation proceedings are *not* part of a criminal prosecution but rather basically administrative proceedings to which the principles of administrative due process and administrative law apply. *Morrissey v. Brewer,* 408 U.S. 471 (1972). If the Fifth Amendment does not preclude the State from imposing both criminal and non-criminal sanctions upon a defendant for the same conduct, we see no reason to extend the protection against double jeopardy to administrative proceedings of the Board as petitioner would have us do. Petitioner has cited no case law which would support such an extension and indeed all available case law supports the Board's position. *See Hughes v. Pennsylvania Board of Probation and Parole,* 81 Pa. Commonwealth Ct. 87, 473 A.2d 225 (1984).

We further note that the Board's action in recommitting petitioner as a technical and convicted violator had no effect upon petitioner's judicially imposed sentence. If petitioner was to present a valid double jeopardy claim, it is *that* sentence with which petitioner must contend. The Board's imposition of backtime was not the imposition of a new sentence

---

[11] The Fifth Amendment has been made applicable to the States through the due process clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784 (1969).

but merely the directed completion of the original judicially-imposed sentence. The sentence imposed for a criminal offense is the maximum sentence and the minimum sentence merely sets the date prior to which a prisoner may not be paroled. *McClure, supra.* As that sentence was not altered by the Board's action, petitioner's double jeopardy based upon the Fifth Amendment must fail.[12]

As petitioner has raised a claim under Article I, Section 10, of the Pennsylvania Constitution as well as under the Fifth Amendment to the Federal Constitution, we must now determine whether our state constitution grants any greater protection to citizens than afforded by the Fifth Amendment. We note that States may provide enhanced protections for their citizens in State Constitutions in excess of those provided under the Federal Constitution. *Commonwealth v. Hogan,* 482 Pa. 333, 393 A.2d 1133 (1978). Our Supreme Court has noted that the Pennsylvania double jeopardy clause is "only stylishly" different from that contained in the Fifth Amendment. *Commonwealth v. Campana,* 452 Pa. 233, 243, 304 A.2d 432, 436 (1973). In light of the historical background of Pennsylvania's double jeopardy clause outlined by our Supreme Court in *Hogan, supra* at 342-343, 393 A.2d at 1137-1138, we find no basis for the conclusion that the framers of the Pennsylvania Constitution intended any greater protection than that afforded by the Fifth Amendment. Accordingly, the double jeopardy claim of petitioner based upon Article I, Section 10, of our Constitution must also fail.

---

12 While the Board did extend the maximum term expiration date of petitioner to compensate for any time petitioner was at liberty on parole following the new conviction, the maximum time which petitioner could be imprisoned remained at 4 years 11 months and 29 days.

The final contention raised by petitioner is that the Board abused its discretion and violated its own administrative regulations pertaining to the application of presumptive ranges when it required petitioner to serve backtime for both the technical and direct violations of parole. Petitioner's arguments in this regard are strikingly similar to those used to support his double jeopardy claim.

Initially, we note that Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.21a, authorizes the Board to recommit parole violators to prison to serve the unexpired portion of the parole violator's maximum sentence. Subsection (a) dealing with convicted violators further mandates that convicted violators are not to receive any credit against their sentence for time spent "at liberty" on parole. 61 P.S. §331.21a(a). Subsection (b) dealing with technical violators mandates that technical violators may be recommitted to serve the remainder of their unexpired terms with credit for good time earned while on parole. 61 P.S. §331.21a(b). Both subsections give the Board the discretion to re-parole convicted or technical violators where the best interest of the parolee justify re-parole and the interests of the Commonwealth will not be injured by such re-parole.

The Board adopted its presumptive ranges found in Chapter 75 of Title 37 of the Pennsylvania Code in an attempt to structure the discretion of the Board while allowing deviation for individual circumstances. 37 Pa. Code §§75.1(b), 75.3(b). The presumptive ranges mirror the distinction in the Parole Act and the remainder of the Board's regulations which treat technical violations and direct violations by new criminal convictions as separate and distinct matters. The Board has established presumptive ranges dealing with convicted violators which correspond to the

severity of the new offense of which the violator has been convicted. The presumptive range for a conviction of Simple Assault is nine to fifteen months.[13] 37 Pa. Code §75.2. The Board has likewise established a separate presumptive range for each condition of parole. The range for a single violation of general parole condition 5C is six to eighteen months. 37 Pa. Code §75.4.

We find no support in either the Board's regulations or in the case law for petitioner's proposition that where the supporting evidence for a technical violation also forms the basis of a new conviction for which petitioner was also recommitted the Board is limited to the backtime of the most serious of both presumptive ranges in calculating the backtime petitioner is to serve as a parole violator. The backtime imposed by the Board is within the published presumptive ranges for both the new conviction and the technical violation. The Board has interpreted its regulations as empowering it to aggregate the backtimes imposed for technical and direct violations. We recognize that an agency's interpretations of its own regulations is entitled to controlling weight unless plainly erroneous or inconsistent with the regulation or statute. *Wiley House v. Scanlon*, 61 Pa. Commonwealth Ct. 8, 432 A.2d 324 (1981), *affirmed.* 502 Pa. 228, 465 A.2d 995 (1983). As the Board's interpretation of its presumptive range regulations is

---

[13] We also note that petitioner sustained a second conviction for Prostitution (18 Pa. C. S. §5902) arising out of the same arrest as did the conviction for Simple Assault (18 Pa. C. S. §2701). However, since the Board's recommitment order of October 29, 1982 only spoke in terms of a single *conviction* and only mentioned the Simple Assault conviction, we must assume that it was only that conviction upon which the Board based petitioner's recommitment as a convicted violator. R. 13.

not plainly erroneous and we find no conflict with the Parole Act, we must uphold the Board's interpretation.

For the foregoing reasons, the Board's action must be affirmed.

ORDER

AND Now, the 30th day of May, 1984, the Administrative Order of the Pennsylvania Board of Probation and Parole dated December 20, 1982 at Parole No. 2359-G denying administrative relief is affirmed.