602 A.2d 459

**TOWNSHIP OF UPPER MERION, Petitioner,**

v.

**STATE HORSE RACING COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 22, 1991.

Decided Jan. 16, 1992.

84

Thomas D. Rees, for petitioner.

Randall N. Sears, for respondent Lillian S. Harris, for intervenor Keystone Turf Club, Inc.

Before COLINS and KELLEY, JJ., BARBIERI, Senior Judge.

COLINS, Judge.

The Township of Upper Merion (Township) petitions for review of the December 19, 1990 order of the State Horse Racing Commission (Commission) which granted Phase I site approval for the Valley Forge Nonprimary Location Statement (Statement) submitted by the Keystone Turf Club, Inc. (Keystone). Also before this Court are the motion to quash petition for review and the motion to dismiss for failure to raise or preserve issues for appellate review filed by Keystone.

On or about December 1, 1989, Colonial Racing Club, Inc. filed Part I (also referred to as Phase I) of its Statement with the Commission, seeking approval for a nonprimary location, also known as an off-track betting parlor, at the Valley Forge Plaza Executive Office Building in King of Prussia, Pennsylvania. Shortly thereafter, the present applicant, Keystone, became the successor in interest to Colonial Racing Club, Inc. Pursuant to Section 102 of the Race Horse Industry Reform Act (Act),[1] a nonprimary location is "[a]ny facility in which pari-mutuel wagering is conducted pursuant to this act other than the primary racetrack location."

Pursuant to its regulations, at 58 Pa.Code § 171.23, the Commission held a public hearing on December 17, 1990, for the purpose of assisting it in assessing the impact that the proposed nonprimary location would have on the community in which it would be situated. A member of the Township's Board of Supervisors testified on behalf of the Township that the plans for the proposed nonprimary location under-estimated the parking spaces necessary for its operation. He said, "These parking problems will lead to traffic problems, the result will be the decline in the overall desirability of this area as an office-commercial area and increase problems for traffic safety in the township." After the

1. Act of December 17, 1981, P.L. 435, *as amended*, 4 P.S. § 325.102.

hearing, the three members of the Commission inspected the parking area for the proposed nonprimary location. Then, two days later, on December 19, 1990, the Commission issued its order granting Phase I approval for the nonprimary location.

The Township timely filed a petition for review and presents five issues to this Court. The five issues can be grouped into two categories, the first of which concerns whether the Commission violated its own procedural rules and, therefore, due process of law. The second category concerns whether the Commission's decision is supported by substantial evidence.

■ Prior to reaching the merits of the present matter, we must dispose of the motions to quash and dismiss filed by the intervenor, Keystone. With regard to the motion to quash petition for review, Keystone argues that the Township is not aggrieved by the Commission's order and, therefore, does not have standing to bring this appeal. According to Keystone, the Township's claim is based on the common interest of its citizens and not on an injury to an interest of itself in the performance of its municipal functions, as required by case law.

In *William Penn Parking Garage, Inc. v. City of Pittsburgh,*[2] our Supreme Court held that to have standing, a person must have an interest in the subject matter of the litigation which is direct, immediate, and substantial. "The requirement that an interest be 'direct' simply means that the person claiming to be aggrieved must show causation of the harm to his interest by the matter of which he complains." *Id.,* 464 Pa. at 195, 346 A.2d at 282. Immediacy is concerned "with the nature of the causal connection between the action complained of and the injury to the person challenging it." *Id.,* 464 Pa. at 197, 346 A.2d at 283. "[T]he requirement of a 'substantial' interest simply means that the individual's interest must have substance—there must be some discernible adverse effect to some interest

2.  464 Pa. 168, 346 A.2d 269 (1975).

other than the abstract interest of all citizens in having others comply with the law." *Id.,* 464 Pa. at 195, 346 A.2d at 282. Article VII, Section 702 of The Second Class Township Code (Code)[3] prescribes, in pertinent part, the following responsibilities for the Township: to regulate parking for the convenience and protection of the public, Clause XXIV, 53 P.S. § 65724; to promote the health, cleanliness, comfort and safety of the Township's citizens, Clause XXIX, 53 P.S. § 65729; to take all steps necessary to secure the safety of persons or property within the Township, Clause XLVII, 53 P.S. § 65747.

The Township's interest in regulating parking and promoting the safety and protection of the public resembles the environmental interest discussed in *Franklin Township v. Department of Environmental Resources,* 500 Pa. 1, 452 A.2d 718 (1982) and the fire protection interest discussed in *Township of South Fayette v. Commonwealth,* 73 Pa.Commonwealth Ct. 495, 459 A.2d 41 (1983). In the former case, the Pennsylvania Supreme Court held that Franklin Township had standing to challenge the issuance of a permit for a solid waste disposal and/or processing facility because of the township's interest in protecting its physical existence and natural surroundings, responsibilities set forth in the Code. In the latter case, this Court determined that the Township of South Fayette had standing to bring an action in mandamus to require various officials of the Commonwealth to take all necessary actions to implement a statute which required foreign fire insurance companies to report the location of all foreign fire insurance applications. This Court based its decision on the fact that The First Class Township Code[4] prescribed specific responsibilities requiring fire protection. We find that the Township's interest in regulating parking and in promoting public safety resembles the environmental and fire protection interests in *Franklin Township* and *Township of South Fayette.* We,

3. Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§ 65702–65754.
4. Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §§ 55101–58502.

therefore, hold that the Township has standing to bring the present action.[5]

In support of its motion to dismiss the Township's third and fifth issues, Keystone argues that the issues are waived, pursuant to Pa.R.A.P. 1551(a),[6] because the Township failed to raise them before the Commission. The third issue concerns whether the Commission violated its procedural rules, when its Chairman took official notice of the fact that an adult bookstore was located in the vicinity of the proposed nonprimary location. The fifth issue concerns whether the Commission violated its procedural rules, when it permitted several persons to speak at the public hearing despite the fact that those persons had not submitted summaries of their statements to the Commission at least forty-eight hours prior to the hearing, as required by 58 Pa.Code § 171.23. Our review of the record reveals that Keystone is correct in its assertion that the Township did not raise its third issue before the Commission. For this reason, we will not consider that issue. We agree, however, with the Township's assertion that it could not raise the fifth issue before the Commission, because it had no notice that three speakers did not submit summaries of their statements in advance until it received the record on appeal. We will, therefore, consider the fifth issue.

Our scope of review is limited to whether the Commission's decision violates constitutional rights, is not in accordance with law, violates the Commission's procedural rules, or is not supported by substantial evidence. 2 Pa.C.S. § 704.

5. Recently, in another case concerning approval of Part I of a nonprimary location statement, we held that residents of the local community have standing to appeal the Commission's order granting approval. *Cashdollar v. State Horse Racing Commission,* 143 Pa.Commonwealth Ct. 650, 600 A.2d 646 (1991).

6. Pa. R.A.P. 1551(a) states that an appellate court cannot consider a question which was not raised before the government unit except questions regarding the validity of a statute, the jurisdiction of the government unit, or questions which could not have been raised, by the exercise of due diligence, before the government unit.

■ The Township first argues that the Commission violated its procedural rules, when the Commissioners inspected the proposed parking area after the close of the public hearing. According to the Township, the Commission's administrative rules require that "[a] decision shall be made and an adjudication issued thereon solely on the basis of evidence introduced at the hearing." 58 Pa.Code § 165.-183(d). The Township argues that the only evidence introduced at the public hearing regarding the sufficiency of parking for the nonprimary location was the Township's own statement. Based on that statement, the Commission should have determined that parking was not sufficient and should have disapproved Part I of the Statement.

In response, the Commission argues that the Township misinterprets the purpose of the public hearing. According to the Commission, the Township "seeks to have this Honorable Court treat the public comment hearing as an evidentiary hearing concerning Part I of the Statement in its entirety." The Commission argues that the Township mistakenly relies on 58 Pa.Code § 165.183, which regulates the conduct of adversarial hearings regarding alleged violations of the Commission's regulations and which does not regulate public hearings. According to the Commission, the purpose of the public hearing is "to assist the Commission in assessing the impact that a proposed nonprimary location will have on the local community as required by section 218(g)(5)(iii) of the act (4 P.S. § 325.218(g)(5)(iii))." 58 Pa. Code § 171.23(c). We agree with the Commission that a public hearing is not the only means by which the Commission can gather information to assist it in deciding whether to approve a nonprimary location statement. The Commission has discretion to determine whether the nonprimary location statement meets the legislative intent of the Act. *See* Section 218(g)(5)(ii), (iii), 4 P.S. § 325.218(g)(5)(ii), (iii).

■ The Township also argues that the Commission violated its own regulations, because it approved Part I of the Statement although Keystone did not state the projected amount of tax revenues to be generated by the proposed

nonprimary location and payable to the Commonwealth and to local government, pursuant to 58 Pa.Code § 171.-22(a)(1)(ix). The Commission counterargues that Keystone's Statement estimated state taxes and indicated that local taxes were unknown. According to the Commission, the requested tax information is necessary to assist it in evaluating the public interest and impact on local community factors, and the Commission was apparently satisfied that it could evaluate those factors based on the information presented. Relying on *Wiley House v. Scanlon*, 502 Pa. 228, 465 A.2d 995 (1983), the Commission argues that it properly approved Part I of the Statement, because Keystone substantially complied with the Commission's requirements.[7] We agree.

■ The Township argues next that the Commission violated its regulations, when it permitted three persons to speak at the public hearing who had not submitted their names, addresses, telephone numbers, and brief summaries of their statements to the Commission at least forty-eight hours prior to the hearing, pursuant to 58 Pa.Code § 171.-23(d). The Commission argues, in response, that it requires statements to be submitted in advance to assist it in conducting an orderly public hearing and that it "may waive this requirement if it believes that doing so will permit it to gather additional information without disrupting the proceeding." We agree with the Commission that it may waive the requirement for advance submission of statements if

7. In *Wiley House*, the Pennsylvania Supreme Court affirmed a decision of this Court which in turn affirmed an order of the Secretary of Education denying the application of Wiley House for status as an approved private school. Wiley House argued that this Court denied it due process by reviewing only three of the forty-two findings of fact. The Supreme Court, however, stated that a court does not have to review all of the findings if it reviews those which are necessary and sufficient to support the adjudication. "Put another way, in a case involving an application for agency approval, where A, B and C are required for approval, if the applicant has not met condition B, there is no need to review A and C." 502 Pa. at 234, 465 A.2d at 998. The Supreme Court then went on to say that it is conceivable that an applicant could substantially meet all necessary and sufficient conditions for approval if condition B is relatively unimportant in the regulatory scheme.

doing so will further its duty of determining whether an applicant's nonprimary location statement meets the legislative intent of the Act. Additionally, we agree with the Commission that the Township was not prejudiced by the Commission's decision to allow three persons to testify at the public hearing who had not submitted their statements in advance. We do not find that the Commission committed any error, but even if we were to so find, we would not find it to be reversible error.

■ Finally, the Township argues that there is not substantial evidence to support the Commission's decision. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mrs. Smith's Frozen Foods Company v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa.Commonwealth Ct. 382, 388, 539 A.2d 11, 14 (1988). The Township asserts that the Commission "ignored the only specific evidence submitted by any party at the Hearing on parking problems at the proposed [nonprimary location]." The Commission argues responsively that substantial evidence does exist to support a finding that adequate parking is available and states that the lease for the proposed nonprimary location specifically designates 250 parking spaces. Additionally, the proposed nonprimary location is situated in a convention center which has other parking available. Our review of the record reveals that there is substantial evidence to support the Commission's determination that adequate parking is available.

Accordingly, Keystone's motion to dismiss is denied, its motion to quash is granted as to the third issue but denied as to the fifth issue, and the order of the Commission is affirmed.

## ORDER

AND NOW, this 16th day of January, 1992, the motion to dismiss in the above-captioned matter is denied, the motion to quash is granted as to the third issue (official notice) but

denied as to the fifth issue (advance submission of statements), and the order of the Commission is affirmed.

KELLEY, Judge, concurring and dissenting.

I respectfully concur in all the aspects of the majority opinion, except for that which relates to 58 Pa.Code § 171.-23(d). This code provision, in my judgment, cannot be waived unilaterally by the Commission. As I view the requirements set forth—identity of a person and a summary of their statements to be given at a public hearing—the regulation is not singularly adopted for the benefit of the Commission, but rather for the expeditious and open and fair hearing for parties of interest who may be of differing points of view.

Accordingly, I would hold that it would be essential that the parties for whom the regulation is intended to benefit would have to make the waiver, in addition to the Commission. The record is devoid of any waiver on the part of the Township in this case and, accordingly, I would vacate and remand for new public hearings in this matter.