IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Suleman Chapman,                          :
                Petitioner            :
                              :
        v.                             :
                              :
Pennsylvania Board of                     :
Probation and Parole,                     :   No. 225 C.D. 2019
                Respondent           :   Submitted: June 19, 2020


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: August 20, 2020

      Suleman Chapman (Chapman) petitions for review from the January 15, 2019 order of the Pennsylvania Board of Probation and Parole (Board)[1] denying Chapman's request for administrative relief that challenged the revocation of his parole and the recalculation of his maximum sentence date. Chapman is represented by Tyler A. Lindquist, Esq. (Counsel), who asserts that the appeal is without merit and seeks permission to withdraw as counsel. For the foregoing reasons, we grant Counsel's motion to withdraw and affirm the order of the Board.

      On August 7, 2006, the Board released Chapman on parole from a state correctional institution (SCI), where he was serving time on his original sentence of

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

15 to 30 years for aggravated assault, criminal conspiracy to commit burglary, burglary, and theft. Certified Record (C.R.) at 8. When he was paroled, Chapman had a maximum sentence date of April 16, 2021. *Id.* On August 5, 2010, the Board detained Chapman when the Swissvale Borough Police Department arrested him on new criminal charges. *Id.* at 22-31. On August 24, 2010, the Board released Chapman from its detainer because the criminal charges against him were withdrawn. *Id.* at 36.

Over six years later, on February 7, 2017, the Board detained Chapman again, when the Swissvale Borough Police Department arrested him on new criminal charges. *Id.* at 37-39. The Magisterial District Judge set Chapman's bail at $75,000, which Chapman did not post. *Id.* at 38-39. Subsequently, the Board issued Chapman a notice of charges to hold a detention hearing, but on February 14, 2017, Chapman waived his right to representation by counsel and to the detention hearing. *Id.* at 40-42. On March 24, 2017, the Board notified Chapman that it decided to detain him pending disposition of his new criminal charges. *Id.* at 60.

On December 19, 2017, Chapman was convicted of burglary, aggravated assault, terroristic threats and two counts of simple assault. *Id.* at 69, 74. Shortly thereafter, the Board issued Chapman a notice of charges and scheduled a revocation hearing for January 30, 2018, based on his new criminal convictions. *Id.* at 69. However, the Board did not conduct the revocation hearing because on January 5, 2018, Chapman waived his right to the hearing and his right to counsel, and he admitted to the new criminal convictions. *Id.* at 70-71. On March 15, 2018, Chapman was sentenced to a period of 6 to 12 years' confinement for his new convictions. *Id.* at 103-04. On March 22, 2018, the Board notified Chapman of its decision to recommit him as a convicted parole violator to serve 24 months'

backtime at an SCI, when available. *Id*. at 86. On May 15, 2018, after Chapman was returned to an SCI, the Board recommitted him to serve his backtime and recalculated his maximum sentence date to November 3, 2032. *Id*. at 108, 111-12.

Chapman challenged the Board's March 22, 2018 and May 15, 2018 decisions by timely filing administrative remedies forms.[2] *Id*. at 113, 115. In his challenge of the March 22, 2018 decision recommitting him as a convicted parole violator, Chapman argued that the Board erred when it did not hold a revocation hearing and, in doing so, violated his constitutional rights. *Id*. at 113. Chapman further challenged the May 15, 2018 decision recalculating his maximum sentence date, arguing that the Board lacked authority to do so, violated his due process rights and his right to protection from double jeopardy, and erred when it did not credit him for time spent at liberty on parole. *Id*. at 115-122.

On January 15, 2019, the Board issued a decision affirming the March 22, 2018 and May 15, 2018 decisions. *Id*. at 151. The Board explained:

> First, you signed a form waiving your right to a revocation hearing and admitting that you were convicted of [b]urglary, [a]ggravated [a]ssault, [t]erroristic [t]hreats, and 2 counts of [s]imple [a]ssault . . . in violation of your parole on January 5, 2018. The waiver/admission form you signed specifically indicates that you chose to take said action of you[r] own free will, without promise, threat or coercion. You also failed to withdraw the waiver/admission within the prescribed ten-day grace period. These facts demonstrate that you made the waiver/admission knowingly and voluntarily. In light of

---

[2] Chapman filed his administrative remedies forms on April 20, 2018, and June 6, 2018, respectively. C.R. at 113, 115. Chapman subsequently filed correspondence and additional administrative remedies forms with the Board on October 26, 2018, and January 3, 2019. *Id*. at 124, 128. *See* 37 Pa. Code § 73.1(b)(3) (providing that "[s]econd or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received").

your waiver, you cannot now claim that the Board failed to provide you with a timely revocation hearing. . . . Therefore, the Board acted within its discretion in revoking your parole without conducting a revocation hearing.

Next, the Board recalculated your maximum sentence date to November 3, 2032 based on your recommitment as a convicted parole violator. The decision to recommit you as a convicted parole violator gave the Board statutory authority to recalculate your sentence to reflect that you received no credit for the period you were at liberty on parole. . . . The Board denied you credit for time at liberty on parole in this instance. The Board advised you of this potential penalty on the parole conditions you signed on August 4, 2006. You also had constructive notice of this potential penalty via the statute. Additionally, the ability to challenge the recalculation decision after it is imposed satisfies your due process rights. Therefore, the Board's recalculation of your maximum sentence date did not violate any constitutional provisions, including double jeopardy. . . .

Finally, the decision on whether to grant or deny a convicted parole violator credit for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code[3] authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. . . . However, there are certain offenses that are excluded from this. You committed an offense that is barred from awarding credit. Specifically, you were found guilty of [b]urglary – [o]vernight [a]ccomodations; [p]erson, present, [b]odily [i]njury [c]rime which is an offense excluded from awarding [credit for] street time. . . .

*Id*. at 150-51 (citations omitted).

_____

[3] 61 Pa.C.S. §§ 101-7123.

On February 26, 2019, Chapman filed with this Court a *pro se* petition for review challenging the Board's decision, along with an application to proceed *in forma pauperis*.[4] By order dated March 7, 2019, this Court appointed counsel to represent Chapman. On January 28, 2020, Counsel filed a motion to withdraw as counsel, which included a no-merit letter.[5] In his motion, Counsel represented that he reviewed Chapman's petition for review, researched the issues he raised, and, based on his review, determined that all of Chapman's claims are without merit. Motion ¶¶ 2-3.

In cases where counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if he satisfies the following requirements: (i) he notifies the petitioner of the request to withdraw; (ii) he furnishes the petitioner with a copy of a no-merit letter; and (iii) he advises the petitioner of his right to retain new counsel and to raise any new points he might deem worthy of consideration. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009). The no-merit letter must detail: (i) the nature and extent of counsel's review; (ii) each issue the petitioner wished to have raised; and (iii) counsel's explanation as to why those issues are meritless. *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Zerby v.*

---

[4] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[5] Counsel seeking to withdraw may file an *Anders* Brief or a no-merit letter. *Anders v. California*, 386 U.S. 738 (1967) (explaining standards for withdrawal of appointed counsel). If the petitioner has a constitutional right to counsel, then counsel should file an *Anders* Brief. In cases where there is no constitutional right to counsel, *i.e.*, an appeal from the Board's decision to recalculate a parolee's maximum sentence date, this Court only requires a no-merit letter explaining why the claim is meritless to support the motion to withdraw. *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009).

*Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). The no-merit letter must include "substantial reasons for concluding that" a petitioner's arguments are without merit. *Zerby*, 964 A.2d at 962. Once appointed counsel fully complies with these requirements to withdraw, the Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

Here, Counsel met the technical requirements to withdraw. Counsel served Chapman with a copy of the motion to withdraw, which included the no-merit letter. *See* Certificate of Service filed 1/31/20. In the no-merit letter, Counsel advised Chapman that if the motion to withdraw as counsel is granted, "you are free to retain new counsel on your own, or proceed with this appeal *pro se*." No-Merit Letter at 4. On February 25, 2020, Counsel filed a certificate of service with this Court certifying that he served a copy of this Court's February 4, 2020 order on Chapman. *See* Certificate of Service filed 2/25/20. The February 4, 2020 order gave Chapman 30 days to obtain substitute counsel at his own expense, or to file a brief on his own behalf to support his petition for review. Cmwlth. Ct. Order dated 2/4/20. Upon review of the substance of the no-merit letter, Counsel summarizes the issues raised by Chapman on appeal and addresses each of the issues by providing references to the certified record and relevant law to support his conclusion that they lack merit. No-Merit Letter at 1-4. We conclude that Counsel provided substantial reasons to support his conclusion that Chapman's arguments lack merit. We now independently review the merits of Chapman's claims.[6]

First, Chapman contends that the Board erred when it found that he waived his right to a revocation hearing and his right to be represented by counsel at

---

[6] Chapman did not file a brief or retain substitute counsel as allowed by this Court's February 4, 2020 order. Subsequently, the Court ordered that Counsel's motion to withdraw be submitted on briefs along with the merits of the petition for review. Cmwlth. Ct. Order dated 6/17/20.

6

that hearing because he was not "made aware of these important rights until he was granted access to the law libraries" at the SCI. No-Merit Letter at 1; Petition for Review (Petition) ¶¶ 6-8. Contrary to Chapman's assertion, the certified record shows that the Board did, in fact, notify him of these rights and that he waived them. C.R. at 71.

On January 5, 2018, Chapman signed a document entitled "Offender Rights at Board Hearings," which provided:

> The board conducts several types of hearings. Offenders have specific rights at each hearing, which are given to them verbally and in writing. At all board hearings, offenders have the right to disclosure of evidence in support of the violations charged against them. Offenders have the right to speak, have voluntary witnesses appear on their behalf and present affidavits and other evidence. Offenders have the right to cross-examine adverse witnesses. *Offenders have the right to be represented by counsel, if an offender cannot afford counsel one will be appointed. There is no penalty for requesting counsel.* Offenders may request a continuance of the hearing for a good cause. The board will send notice of its determination either to the offender or to the counsel who represented the offender at the hearing.

*Id*. at 70 (emphasis added). This document further explained Chapman's revocation hearing rights by stating "[t]he [B]oard has scheduled a revocation hearing to determine whether you should be recommitted as a convicted violator because of the conviction(s) charged. You have a right to be heard by a panel." *Id*. On the same day, Chapman signed a "Waiver of Revocation Hearing and Counsel/Admission Form," which provided:

> *I have been advised of my rights to a parole revocation hearing and counsel at that hearing.* I have also been advised that there is no penalty for requesting counsel, that

7

> free counsel is available if I cannot afford to retain counsel, and I have been provided the name and address of the local public defender. With full knowledge and understanding of these rights, *I hereby waive my right to a parole revocation hearing and counsel at that hearing*. I waive these rights of my own free will, without any promise, threat or coercion.

*Id.* at 71 (emphasis added). On the same form, Chapman "knowingly, intelligently, and voluntarily" admitted that he was convicted of the new criminal charges. *Id.* at 69, 71. The form further provided that Chapman had 10 calendar days to withdraw his admission. *Id.* at 71. Although Chapman indicated that he planned to appeal the "wrongful conviction[s],"[7] he did not deny the convictions nor did he retract his admission within the 10-day period provided. *Id.* Given these facts, Chapman's claim that he was deprived of his right to a revocation hearing and to counsel is without merit.

Second, Chapman argues that the Board violated the United States and Pennsylvania Constitutions' prohibition against double jeopardy when it affirmed the revocation of his parole because he cannot receive multiple punishments for the same offense. No-Merit Letter at 1; Petition ¶¶ 4, 9. However, the double jeopardy provisions of the United States and Pennsylvania Constitutions do not apply to parole revocation proceedings of the Board. *Gundy v. Pa. Bd. of Prob. & Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984). Moreover, in *Gundy*, this Court held that there is no basis to support the conclusion that the Pennsylvania Constitution affords more double jeopardy protection than that offered by the Fifth Amendment of the

---

[7] On his Waiver of Revocation Hearing and Counsel/Admission Form, Chapman contested his new convictions. C.R. at 71. Chapman noted on the form that he has been on parole since March 30, 2006, he has worked at least two jobs, he has "never had any issues," and he "will be appealing [these] wrongful conviction[s]." *Id.*

United States Constitution. *Id*. at 142. Therefore, Chapman's claim that the Board violated double jeopardy prohibitions when it revoked his parole is without merit.

Finally, Chapman asserts that the Board erred when it failed to give him credit for "all time served while being detained on the new charges and under its warrant." No-Merit Letter at 2; Petition ¶ 11. Chapman complains about the "significant restraints" placed on his "liberty" while on parole "because of his conviction and sentence," and argues that these restraints[8] are "enough to keep him in 'custody'" and cites cases to support his proposition that parole is "in legal effect imprisonment." Petition ¶ 11. Though Chapman's argument is unclear, we agree with Counsel that Chapman appears to be raising this claim in an effort to obtain credit for the time he spent at liberty on parole from 2006 until his revocation in 2018. No-Merit Letter at 2.[9]

Section 6138(a)(1)-(2) of the Prisons and Parole Code provides that if the Board orders recommitment as a convicted parole violator, the parolee shall be reentered to serve the "remainder of the term which the parolee would have been compelled to serve had the parole not been granted" and "shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(1)-(2). The Board, however, may, in its discretion, award credit to a convicted parole violator for time spent at liberty on parole, unless the offender is convicted of certain offenses. 61 Pa.C.S. § 6138(a)(2.1). These offenses include a crime committed during the period of parole

---

[8] For example, Chapman explains that the parole order confined him to a particular community, house and job at the "sufferance of his parole officer," and that he could not drive without permission. Petition ¶ 10.

[9] To the extent Chapman is asserting that he is entitled to credit for time spent incarcerated on the Board's detainer while awaiting sentencing on the new criminal charges, Chapman did not raise this issue before the Board and, therefore, it is waived. *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 34 (Pa. Cmwlth. 2006) (providing that "[f]ailure to raise an issue before the Board results in a waiver and precludes this Court's review").

that is a crime of violence as defined in Section 9714(g) of the Sentencing Code, 42 Pa.C.S. § 9714(g). *Id.* One such crime of violence expressly enumerated is burglary. *See* 42 Pa.C.S. § 9714(g) (defining "crime of violence" to include "burglary as defined in 18 Pa.C.S. § 3502(a)(1)"). Here, Chapman was convicted of several crimes, including the crime of burglary pursuant to 18 Pa.C.S. § 3502(a)(1)(i). C.R. at 90. Because Chapman was convicted of a crime of violence, the Board could not grant him credit for the time he spent at liberty on parole. Therefore, Chapman's assertion lacks merit.[10]

Accordingly, we grant Counsel's motion to withdraw as counsel and affirm the order of the Board.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[10] Chapman also contends that the Board erred when it permitted the introduction of hearsay evidence and violated "the ethical obligations under the Pennsylvania Rules of Professional Conduct." No-Merit Letter at 2; Petition ¶¶ 10-11. As noted by Counsel, Chapman fails to cite any facts or evidence to support his hearsay argument, No-Merit Letter at 2, and we find the same problem with the alleged rules violation. As such, we agree with Counsel that these assertions lack merit.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Suleman Chapman,                     :
                    Petitioner       :
                                     :
        v.                           :
                                     :
Pennsylvania Board of                :
Probation and Parole,                :    No. 225 C.D. 2019
                    Respondent       :

## O R D E R

AND NOW, this 20th day of August, 2020, the motion to withdraw as counsel filed by Tyler A. Lindquist, Esquire, is GRANTED, and the January 15, 2019 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge