In Re: Establishment of Independent School District Consisting of The Western Portions of Hamlin and Sergeant Townships.

Francis W. Hasney, Appellant.

456

Argued October 27, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Michael P. Baker*, with him *Woods and Baker*, for appellant.

*Murray R. Garber*, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, December 30, 1975:

On February 15, 1974, a group of citizens, identifying themselves as a "majority of the taxable inhabitants" of the western portions of Hamlin and Sergeant Townships in McKean County, filed a petition with that County's court of common pleas. Petitioners sought the establishment of an independent school district to be comprised

of the territory of their residences, for the sole purpose of transferring that territory from the Smethport Area School District to the Kane Area School District. Section 242.1 of the Public School Code of 1949, Act of March 10, 1949, *added* by the Act of June 23, 1965, P. L. 139, *as amended*, 24 P.S. §2-242.1.

Respondent, Smethport Area School District, answered the petition and, as "new matter," alleged that the granting of the petition would adversely affect the educational development of the students remaining within respondent's territory. The common pleas court conducted a hearing. At the close of petitioners' case, the court entertained respondent's motion to dismiss, which motion was based upon the alleged inadequacy of petitioners' evidence to warrant the relief sought. The court's order of November 30, 1974, granting the motion, precipitated the instant appeal.

In an opinion supporting its order of dismissal, the lower court, quoting from an opinion in another case,[1] concluded that, as no attack had been made against the educational program of the Smethport Area School District and only distance of travel of pupils was involved, this was insufficient "to call upon the Court to exercise its power to allow withdrawal." It independently concluded that the action of the Secretary of Education in having approved the transfer from an educational standpoint—a requirement contained in Section 242.1—was "ill founded and qualified," and hence, not meeting the requirements of the statute.

Petitioners assert in this appeal that the lower court erred in concluding that the Secretary's approval was insufficient as an approval of the transfer under the statute, and in further concluding that the evidence of petitioners was insufficient to support the prayer of the petition.

---

1. *In Re: Newburg Borough Independent School District*, No. 602 May Term 1973 (Clearfield Co. 1973) (not reported).

Although not specifically expressed by petitioners, this appeal postures the respective roles of the court and the educational authorities with respect to the post-1963 amendments to the Public School Code of 1949,[2] on the subject of the creation of an independent school district for the sole purpose of transfer to another existing school district.

Both prior to the so-called "Reorganization Act" of August 8, 1963, and until its repeal in 1965, the Code recognized the right of inhabitants of an existing school district, subject to certain conditions, to seek the creation of an independent school district to be carved out of an existing district. Sections 241 and 242 of the Code, repealed by the Act of December 7, 1965, P. L. 1034. The proceedings to accomplish such an objective were initiated by petition to the appropriate court of common pleas, and the language of these sections clearly afforded to the court the discretion to grant or refuse the creation of such a new independent district.

As therein found, Section 241 provided:

"[A]fter taking into consideration the welfare of the pupils and taxpayers of such school district or school districts, as well as of such proposed independent school district, the court may make a decree establishing an independent school district and fix the boundaries thereof. . . ."

As then in effect, the pertinent statutory provisions afforded no role to the educational authorities, at the state or local level, to pass upon the merits of such proceedings.

However, it was apparently deemed necessary by the legislature to repeal these provisions as inconsistent with the plan of reorganization of school districts, as expressed in the Act of August 8, 1963 and thereafter implemented,

---

2. The so-called "Reorganization Act," Act of August 8, 1963, P. L. 564, which added subdivision (I) to Article II of the Code, and provided for statewide reorganization of school districts into administrative units.

which repeals were effected in 1965, as noted above. In substitution thereof, new Section 242.1 was added by the Act of June 23, 165, P. L. 139 and amended in 1967.

The present, pertinent statutory law which provides for the creation of independent school districts, *solely* for the purpose of transferring territory of one school district to that of another, not only includes the provisions of Section 242.1, but, because of the impact of reorganization, is also the subject of Sections 292.1, 293.1 and 311.1 of the Code. 24 P.S. §§2-292.1, 2-293.1, 3-311.1.

Section 242.1, as now in effect, recognizes the right of certain taxable inhabitants of a school district or contiguous districts to seek transfer of a portion of that district to that of another existing district and directs that a petition seeking such a transfer "and the reasons" therefor shall be presented to the appropriate court of common pleas. It then provides:

"The court shall hold hearing thereon, of which hearing the school district or districts out of whose territory such proposed independent district is to be taken and the school district into which the territory is proposed to be assigned, shall each have ten days notice. In all cases where an independent district is proposed for transfer from one school district to another, the merits of the petition for its creation, from an educational standpoint, shall be passed upon [by] the Superintendent of Public Instruction and the petition shall not be granted by the court unless approved by him. The court of common pleas shall secure the reaction from the Superintendent of Public Instruction upon receipt of the petition properly filed.

"The court, in its decree establishing such independent district for transfer purposes, shall also determine the amount, if any, of the indebtedness and obligations of the school district, from whose territory such independent district is taken, that said district shall assume and pay, and, a statement prorating the

State subsidies payable between or among the losing district or districts and the receiving district.

"In all cases where such proceedings result in the creation and transfer, by decree of the court, of an independent district, the cost and office fees shall be paid by the petitioners or, otherwise, by the receiving district. Such independent districts created under the provisions of this act shall not become an operating school district but will be created for transfer of territory only.

"(b) In the case of independent districts established hereafter, the court of common pleas shall notify the county board of school directors regarding receipt of petition for such establishment and shall direct said board to prepare a statement of acceptance or rejection of the proposed placement of the district in the designated administrative unit of the county plan; such statement to be transmitted to the court and to the State Board of Education."

Were these provisions the only ones we need consider in determining the respective roles of the court and the educational authorities, the question would, indeed, be a perplexing one. Contrasting the discretionary authority clearly afforded to the court under now repealed Sections 241 and 242 with the absence of similar language contained in new Section 242.1, we would be hard pressed to find discretionary authority in the court to pass upon the merits of the petition; conversely, we may well have to find such authority for want, within Section 242.1, of a clear role of approval or disapproval on the part of the educational authorities. However, our consideration of Sections 292.1 and 293.1 resolves such a doubt against the court having any authority to pass upon the merits of the petition.

These sections require a favorable court decree to be submitted to the State Board of Education and to be considered as *an application* for transfer of the new dis-

trict to the designated administrative unit (Section 292.1), and authorize the Board to either approve or disapprove the *creation* and *transfer* (Section 293.1).

To find that a court, under this statutory law, has the power or authority to inquire into and pass upon the merits of the petition, subject to possible, subsequent disapproval by the State Board of Education, produces the incongruous result of a state administrative agency having the power to, in effect, overrule or reverse a court of law.

Considering all of the cited statutory provisions, it is our conclusion that a court, in its consideration of a petition filed under Section 242.1, has only the limited role of determining whether the provisions of the statute have been met, as to the requisite petitioners and its other procedural requirements, and, if it approves the sought-for creation and transfer, to give effect to other provisions of Section 242.1 and to Section 311.1. It has no power or authority to inquire into or determine the merits of the petition requesting such transfer, or the reasons assigned by petitioners, which role is exclusively within the province of the designated educational authorities.

Where, as here, the Secretary has approved the petition "from an educational standpoint,"[3] the court must then pass upon its procedural sufficiency. Much of the evidence adduced at the hearing sought to establish that petitioners included a majority of the "taxable inhabitants" of the proposed independent school district as required by Section 242.1. Since the lower court never decided whether petitioners met this requirement, we are compelled to remand this case for this critical determination by the trial court, as one of the responsibilities placed upon a court in this class of proceedings.

---

3. By letter dated July 9, 1974, the Secretary recommended approval of the petition "from an educational standpoint."

In addition, should the lower court thereafter decree the establishment of an independent school district, Section 242.1 imposes further duties upon the court, including the proration of debts, obligations and State subsidies between and among the affected districts. Similarly, Section 311.1 would then have to be implemented by the court decree.

The order of the Court of Common Pleas of McKean County is reversed and the matter is remanded to said court for proceedings not inconsistent with this opinion.