Anthony C. Bellita, Petitioner *v.* Norristown State Hospital, Department of Public Welfare, Respondent.

Argued September 11, 1978, before Judges BLATT, DISALLE and MACPHAIL, sitting as a panel of three.

*John J. Burfete,* for petitioner.

*Robert E. Kelly,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, November 20, 1978:

This appeal is before us on a petition for review under Section 763 of the Judicial Code, 42 Pa. C.S. §763. A motion to quash the petition on the ground that there had been no hearing or adjudication by the State Civil Service Commission (Commission) from which an appeal could be taken was denied by order of this Court entered September 8, 1978. Although the question of jurisdiction was argued again before us, we will decide the appeal on the substantive issue.

Anthony C. Bellita (Petitioner) was employed by Norristown State Hospital on November 29, 1969, as a trademan helper (emergency status). Subsequently, the Petitioner was certified into provisional status, which classification he maintained until notified of his discharge by the Norristown State Hospital on April 5, 1976, effective April 23, 1976. On July 28, 1977, the Petitioner filed an appeal and request for hearing with the Commission. The Commission denied Petitioner's appeal on August 11, 1977, holding that the same was untimely.

Section 951 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.951, provides that appeals from notices of the appointing authority which affect an employee's status shall be

filed within twenty (20) days of receipt thereof. Obviously, the appeal taken here was much beyond the allowable appeal period. This Court has held that the twenty (20) day limit prescribed for the appeal must be strictly enforced. *Marks v. Civil Service Commission*, 7 Pa. Commonwealth Ct. 414, 299 A.2d 691 (1973). The Petitioner contends however that by reason of an amendment to Section 604 of the Act, 71 P.S. §741.604, relating to provisional employees, his appeal to the Commission should not be barred as untimely because the amendment made a substantive change in his employment status. That argument is wholly without merit. Section 604, *as amended*, reads as follows:

Whenever there is great and urgent public need for filling a vacancy in any position in the classified service and the director is unable to certify an eligible for the vacancy, he may authorize the filling of the vacancy by provisional appointment. If he does authorize such appointment he shall certify not more than three qualified persons with or without examination and the appointing authority shall appoint one of the persons so certified. A provisional appointment shall continue only until an appropriate eligible list can be established and certification made therefrom, but in no event for more than six months in any twelve-month period. Successive provisional appointments of the same or different persons shall not be made to the same position. *Any State employe who, on the effective date of this act,* had been in provisional status since April 1, 1975 shall assume the status of a probationary employe for a period of six months. After successful completion of this probationary period, such State

employe shall be granted regular status: Provided, That no provisional status held by any person on April 1, 1976 shall expire before September 15, 1976. The acceptance of a provisional appointment shall not confer upon the appointee any rights of permanent tenure, transfer, promotion or reinstatement. (Emphasis added.)

The amendment became effective June 4, 1977. As we have previously noted, the effective date of the Petitioner's discharge was April 23, 1976. Since the Petitioner was not a state employee on the date the amendment became effective, he cannot now avail himself of its provisions.

Accordingly, the Petitioner's appeal to this Court must be denied.

ORDER

AND Now, this 20th day of November, 1978, it is ordered that the petition for review filed by Anthony C. Bellita be denied.