Independent School District Comprised of the Western Portions of Hamlin and Sergeant Townships, McKean County, Pa., Petitioner *v.* Commonwealth of Pennsylvania, State Board of Education, Respondent. Smethport Area School District, Intervenor.

Argued June 6, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*John D. Killian, Killian & Gephart,* with him *Michael P. Baker, Woods, Baker & Cleland,* for petitioner.

*Kathleen F. McGrath,* Deputy Attorney General, with her *Edward G. Biester, Jr.,* Attorney General, for respondent.

*Murray R. Garber,* for Smethport Area School District, intervenor.

OPINION BY JUDGE WILKINSON, JR., July 15, 1980:

This is an appeal from the final decision of the State Board of Education (Board) denying the transfer of an independent school district from the Smethport Area School District (Smethport) to the Kane Area School District (Kane). We affirm.

On February 15, 1974, a majority of the taxable inhabitants of the then proposed Independent School District (hereinafter also referred to as Petitioner) comprised of the western portions of Hamlin and Sergeant Townships, McKean County, filed a petition with the Court of Common Pleas of McKean County seeking to have the territory established as an independent school district for the purpose of transferring that territory from Smethport to Kane, pursuant to

Section 242.1 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* added by Section 1 of the Act of June 23, 1965, P.L. 139, *as amended,* 24 P.S. §2-242.1. The Secretary of Education, by letter dated July 9, 1974 to the court of common pleas, approved the proposed transfer "from an educational standpoint", as required by Section 242.1 of the Code. On November 30, 1974 the court of common pleas entered an order denying the petition for creation of the Independent School District.

An appeal from that order was taken to this Court. We reversed the order of the court of common pleas and remanded the case for further proceedings. *Establishment of Independent School District Consisting of The Western Portions of Hamlin and Sergeant Townships,* 22 Pa. Commonwealth Ct. 455, 349 A.2d 480 (1975). We there concluded that a court of common pleas, in its consideration of a petition filed under Section 242.1 of the Code, has only the limited role of determining whether there has been procedural compliance with the statutory provisions, including the requisite number of petitioners. Where the Secretary of Education has approved the petition "from an educational standpoint" and the court thereafter decrees the establishment of an independent school district, the court must determine and prorate the indebtedness, obligations, and state subsidies between and among the affected districts. On remand, the court of common pleas considered the procedural requirements of Section 242.1 of the Code, obtained another letter from the Secretary of Education approving the creation and transfer of the Independent School District from an educational standpoint, determined the amount of indebtedness and obligations that should be assumed by the Independent School District, prorated state subsidies between Smethport and Kane, and entered an order establishing the Independent

School District for the sole purpose of transferring the territory to Kane.

The matter was then presented to the Board, which considered it as an application under Section 292.1 of the Code,[1] 24 P.S. §2-292.1, for transfer of the Independent School District. The issue of whether to approve the transfer was to be placed on the agenda of the Board; however, Smethport requested a hearing on the matter. Documentation was submitted by the Independent School District and Smethport. A hearing before a panel of the Board was held on July 6, 1977. At its September 15, 1977 meeting, the Council of Basic Education (Council)[2] recommended disapproval of the transfer and stated its reasons. The item was placed on the Board's agenda. On September 16, 1977 the Board adopted the recommendation of the Council and denied the transfer. The reasons for the disapproval of the transfer included the conclusions that the distance children traveled in attending Smethport schools was not in excess of what other children in the area traveled, that the loss of subsidy to Smethport would be substantial and would necessitate a curtailment in programs, and that the transfer would result in a serious loss in tax base and income to Smethport.

This decision of the Board was appealed to this Court in *Hasney v. State Board of Education*, No. 2049 Commonwealth Docket 1977. While *Hasney* was

[1] Added by Section 2 of the Act of June 23, 1965, P.L. 139, *as amended*.

[2] The State Board of Education consists of 17 members, eight of whom also serve as members of the Council of Basic Education and eight of whom also serve as members of the Council of Higher Education. The Chairman of the State Board of Education serves as a member of both councils. Section 408.1 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, added by Section 3 of the Act of June 17, 1963, P.L. 143, *as amended*, 71 P.S. §118.1.

pending, a petition for review was filed in *Boylan v. State Board of Education*, No. 314 Commonwealth Docket 1978. *Boylan* was a mandamus action requesting this Court to order the Board to provide petitioner therein with a hearing. The Board considered *Boylan* a request for a post-disapproval hearing pursuant to Section 293.1 of the Code,[3] 24 P.S. §2-293.1. Upon the motion of the Board, *Hasney* was remanded on April 13, 1978 to the Board for further proceedings and the entry of a new order.[4]

After remand from this Court, the Board conducted a "hearing upon disapproval" which was held on May 24 and June 13, 1978. All members of the Board were invited to attend. Most of the Board members who did attend were also members of the Council. Following the hearing, a copy of the transcript was furnished to each member of the Board. On September 15, 1978 the Board referred the matter to the Council for the drafting of proposed findings of fact and conclusions to be submitted to the Board. On March 7, 1979 the Council prepared for the Board's consideration a Statement containing findings of fact, discussion, and the conclusion that the Board affirm its decision of September 16, 1977. The matter was placed on the agenda for the Board's May 11, 1979 meeting, at which the Board adopted the Statement of the Council and affirmed its denial of the transfer. The present appeal was taken from that decision of May 11, 1979.

Petitioner's appeal to this Court is essentially three pronged: it alleges procedural irregularities,

---

[3] Added by Section 3 of the Act of June 23, 1965, P.L. 139, *as amended.*

[4] The motion of the Board and the remand order by this Court in *Hasney* plainly make clear that Petitioner herein misstates the case by stating this Court ruled in *Hasney* that the Board had abused its power by delegating authority to the Council.

findings of fact not supported by substantial evidence, and insufficient consideration of the matter by the Board. With respect to the procedural issues, the Board and Smethport argued to this Court that Petitioner failed to raise below the Board's alleged improper consideration of the Council's recommendation in making its original decision and the alleged improper composition of the hearing panel and that Petitioner may not raise these issues now. We note that while the record in this case indicates that these issues may not have been addressed with vigor until Petitioner's comments to the Council's proposed Statement, they were raised in the petition and briefs to this Court in *Hasney* before we remanded that case to the Board. Furthermore, the procedure for the determination of the creation and transfer of the independent school district has been in dispute since even before this Court's decision in *Establishment of Independent School District, supra*. Therefore, though we may not be obliged to consider the issues, we will address them. *See* Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. §703(a).

First Petitioner argues that the Board abused its power by delegating to the Council authority to review the evidence and to make a recommendation to the Board and by considering that recommendation in making its original determination in September 1977. Petitioner asserts that Section 293.1 of the Code limits the role of the Council only to making "the necessary changes in the county plan" if Board approval is given to the creation and transfer of an independent school district. We do not read the statutory provisions regarding creation and transfer of an independent school district as so limiting the scope of what the Board may consider in taking action on the application. Certainly the Board could not just summarily pass upon the action of the court of common pleas.

That would produce "the incongruous result of a state administrative agency having the power to, in effect, overrule or reverse a court of law." *Establishment of Independent School District, supra* at 461, 349 A.2d at 483. Furthermore, Section 1319 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* added by Section 7 of the Act of June 17, 1963, P.L. 143, 71 P.S. §369, provides that one of the Board's councils shall conduct all studies and investigations for the Board, that the chairman of the Board shall receive and place on the Board's agenda the findings and recommendations of the councils for appropriate action by the Board, and that the Council shall investigate matters involving the creation and reorganization of school districts. Petitioner's second contention, that the Board improperly directed the Council to prepare proposed findings of fact and relied on the Council's Statement in its consideration of the post-disapproval hearing, is also answered by the same discussion as above.

Thirdly, Petitioner complains about the composition of the hearing panel and argues that each member of the Board had an obligation to personally review the application. We find no error in the Board's having a panel establish a record upon which the whole Board would act. Our review of the record finds that before the Board meeting of May 11, 1979 each Board member received a copy of the transcript of the 1978 hearings, a copy of the Council's Statement, a copy of the Petitioner's comments on the Statement, and a copy of Smethport's comments. "[D]ue process is satisfied if the hearing is held before one member of an administrative body, provided that the other members review the testimony before an adjudication is rendered." *Ullo v. State Board of Nurse Examiners,* 41 Pa. Commonwealth Ct. 204, 209, 398 A.2d 764, 767 (1979). *Accord DeMarinis v. Hazleton Housing Au-*

*thority,* 42 Pa. Commonwealth Ct. 60, 399 A.2d 1197 (1979); *State Board of Funeral Directors v. Cieslak,* 24 Pa. Commonwealth Ct. 315, 355 A.2d 590 (1976).

With regard to the Board's decision itself,[5] Petitioner argues that several of the Board's findings of fact are not supported by substantial evidence. Our review of the record satisfies us that the record contains substantial evidence, including testimony and exhibits, to support each of the findings, including Fact No. 20, wherein it was found that Kane is financially well off and has a sound fund balance, Fact No. 22, wherein it was found that the quality of education in Smethport and Kane is approximately equal, and the findings concerning bus transportation. Any arguments that the findings "exhibit no appreciation of Petitioner's evidence" must fail. Judgments as to the credibility and weight of the evidence are for the Board. *See Pawk v. Department of Environmental Resources,* 39 Pa. Commonwealth Ct. 457, 395 A.2d 692 (1978).

Finally, Petitioner contends that the Board failed to consider evidence presented and arguments made by Petitioner in support of creation and transfer of the independent school district. We are satisfied that the factors the Board considered most influential in reaching its conclusion that the disadvantages of the transfer outweighed the advantages were wholly sufficient.

---

[5] The Board and Smethport argued to this Court that the Board's disapproval of the creation and transfer of the Independent School District is not an "adjudication" subject to judicial review and cited *Manheim Township School District v. State Board of Education,* 1 Pa. Commonwealth Ct. 627, 276 A.2d 561 (1971), wherein we ruled that the actions of the Board in determining boundaries of school districts after territorial annexation were not a proper subject of judicial review. Though the question was argued before us, we will decide the appeal on the substantive issues. *See Bellita v. Norristown State Hospital,* 38 Pa. Commonwealth Ct. 515, 393 A.2d 1303 (1978).

46

We conclude that the Board did not abuse its discretion.

Accordingly, we will enter the following

ORDER

AND Now, July 15, 1980, the decision of the State Board of Education, dated May 11, 1979, disapproving the transfer of the Independent School District from Smethport Area School District to Kane Area School District, is affirmed.