527 A.2d 1105

Petitioners for the Formation of an Independent School District for the Purpose of Transfer to the North Allegheny School District, Petitioners *v.* Secretary of Education and Commonwealth of Pennsylvania, Department of Education, Respondents.

Argued May 18, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*William Claney Smith,* for petitioners.

*Michael B. Sutton,* Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

*William C. Andrews, Maiello, Andrews & Price,* for intervenor, Avonworth School District.

OPINION BY JUDGE MACPHAIL, June 29, 1987:

On February 10, 1987, Petitioners for the Formation of an Independent School District for the Purpose of Transfer to the North Allegheny School District (Petitioners) filed a petition for review in the nature of mandamus in our original jurisdiction[1] requesting that we direct Respondents Secretary of Education and the Department of Education of the Commonwealth of Pennsylvania to approve their petition for transfer. For the reasons set forth below, we sustain Respondents' preliminary objections to the petition for review.

Petitioners commenced an action in the Court of Common Pleas of Allegheny County seeking to have established as an independent school district a portion of Avonworth School District in Ohio Township for the sole purpose of transferring the new district to the contiguous North Allegheny School District, under Section 242.1 of the Public School Code of 1949.[2] The common

---

[1] Section 761 of the Judicial Code, 42 Pa. C. S. §761.

[2] Act of March 10, 1949, P.L. 30, *as amended,* added by Section 1 of the Act of June 23, 1965, P.L. 139, 24 P.S. §2-242.1. Section 242.1 provides in pertinent part:

In all cases where an independent district is proposed for transfer from one school district to another, the merits of

pleas court requested the reaction of the Secretary of Education, as required by Section 242.1, and the Secretary advised the court that the transfer was meritless. Without waiting for an adverse ruling from the court from which they could appeal, Petitioners filed the instant petition for review in the nature of mandamus.[3]

On March 12, 1987, Respondents filed preliminary objections to Petitioners' petition for review asserting that Petitioners failed to state a cause of action in mandamus.[4] Such preliminary objections are now before this Court for disposition.

It is well settled that mandamus is an extraordinary writ which will lie only if there is no other appropriate and adequate remedy. *Pennsylvania Dental Ass'n v. Insurance Department,* 512 Pa. 217, 516 A.2d 647 (1986); *Sever v. Department of Environmental Resources,* 100 Pa. Commonwealth Ct. 217, 514 A.2d 656 (1986). "It must not be turned into a general writ of error or writ of review lest we further encourage interlocutory and piecemeal appellate review. . . ." *Pennsylvania Dental Ass'n* at 228, 516 A.2d at 652. Further, a writ of mandamus may not be used to specify how the discretion is to be exercised nor to direct the retraction or reversal of an action already taken. *Id.*

---

the petition for its creation, from an educational standpoint, shall be passed upon by the Superintendent of Public Instruction [Secretary of Education] and the petition shall not be granted by the court unless approved by him. The court of common pleas shall secure the reaction from the Superintendent of Public Instruction [Secretary] upon receipt of the petition properly filed.

[3] It was submitted at oral argument before this Court that the court of common pleas entered an order on April 2, 1987 and that Petitioners have filed an appeal therefrom.

[4] Intervenor Avonworth School District joined and adopted Respondents' preliminary objections on March 28, 1987.

Under Section 242.1, the Secretary has the discretion to approve or disapprove a petition for transfer based on its educational merits. After determining whether the petition meets the procedural requirements of Section 242.1, *see Independent Schools, Western Portions of Hamlin and Sergeant Townships*, 22 Pa. Commonwealth Ct. 455, 349 A.2d 480 (1975), the trial court must then enter a decree in accordance with the Secretary's decision. Thereafter, an affected party may appeal to this Court.

Petitioners herein, therefore, had an appropriate and adequate remedy without seeking mandamus from this Court. We cannot at this point review the merits of their petition for transfer when Petitioners did not avail themselves of the appropriate appellate process. Such action on our part would, in the words of our Supreme Court, encourage "piecemeal appellate review." *Pennsylvania Dental Ass'n.* We will not, furthermore, issue a writ of mandamus to direct Respondents to make a particular decision with regard to Petitioners' petition for transfer when that decision lies solely within the Secretary's discretion under Section 242.1. Mandamus will issue only to compel performance of a ministerial act or mandatory duty. *Sever.*

We will, therefore, sustain Respondents' preliminary objections and dismiss Petitioners' petition for review.

## Order

The preliminary objections of Respondents in the above-captioned proceeding are sustained and Petitioners' petition for review in the nature of mandamus is dismissed.