537 A.2d 85

Robbie C. Henderson, Petitioner *v.* Commonwealth of Pennsylvania, Office of Budget, Respondent.

Argued November 16, 1987, before Judges MAC-PHAIL, DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Gerard M. MacKarevich,* with him, *Ira H. Weinstock, Ira H. Weinstock, P.C.,* for petitioner.

*Robert J. Schwartz,* Assistant Counsel, with him, *John D. Raup,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, February 8, 1988:

Petitioner, a probationary employee in the Office of the Budget (Office), was demoted from the position of Audit Specialist Trainee to Fiscal Assistant and, inasmuch as his temporary appointment to the Fiscal Assistant class would have terminated pursuant to his demotion, Petitioner's employment was terminated. Petitioner, thereupon, applied to the State Civil Service Commission (Commission) for reinstatement and back pay, alleging discriminatory action on the part of the Office.[1] We will vacate and remand.

After notice thereof was given, the Commission scheduled a hearing which was held January 15, 1986. At the conclusion of the presentation of Petitioner's evidence, counsel for the Office moved for dismissal of the Petitioner's complaint for failure to establish a prima facie case of discrimination. That motion was granted and the following order was entered:

AND NOW, appellant, having been removed from his position as Fiscal Assistant, probationary status, with the Office of the Budget, requested a hearing under Section 951(b) of the Civil Service Act, as amended. A hearing was scheduled for, and held on, January 15, 1986, in Harrisburg, Pennsylvania, before Commissioner Fred E. Bryan and Chairman Mary D. Barnes,

---

[1] *See* Section 905.1 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.905a.

who presided. All parties in interest were notified and present at hearing at which time appellant failed to present evidence in support of his allegation of discrimination. Upon consideration of the prima facie case presented by the appointing authority and the appointing authority's motion to dismiss.

IT IS HEREBY ORDERED

that the appeal of Robbie C. Henderson be and the same is hereby dismissed with prejudice.

Petitioner submits two issues for our determination; (1) did the Commission violate Section 951(b) of the Act, 71 P.S. §741.951(b), Section 507 of the Administrative Agency Law, 2 Pa. C. S. §507, and Section 105.15(16) of the Commission's regulations found at 4 Pa. Code §105.15(16) and (2) did the Commission err as a matter of law in dismissing Petitioner's case after Petitioner made out a prima facie case of racial discrimination?

We will not reach the second issue because we believe the Commission's order fails to set forth the ingredients necessary for us to perform our appellate review.

Section 951(b) of the Act, Section 507 of the Administrative Agency Law and Section 105.15(16) of the Commission's own regulations specifically require that the Commission's adjudication *shall* contain findings and reasons for the adjudication. All that the Commission's order tells us in the instant matter is that the appellant failed to present evidence in support of his allegation of discrimination. Our review of the record indicates that Petitioner *did* submit such evidence; it may have been insufficient or it may not have been believed by the Commission, but there was evidence.

In *Begis v. Industrial Board of the Department of Labor and Industry*, 9 Pa. Commonwealth Ct. 558,

562, 308 A.2d 643, 646 (1973), Judge BLATT, quoting from *Gottshall v. Batt,* 71 Dauph. 383, 399 (C.P. Pa. 1958), wrote:

> It is clear that 'where an administrative agency pursuant to delegated power, promulgates an order, definitive, basic findings of fact are essential to the validity of its action, and such findings must be sufficiently specific to enable the court in reviewing that action to pass upon questions of law. . . . Failure to make the requisite findings is a violation of due process'.

Although the Commission argues that Petitioner failed to meet his burden of proving discrimination, its order says only that the Petitioner failed to present evidence of discrimination. As we have noted, there is evidence but until the Commission sets forth its findings and reasoning, this Court is unable to perform its appellate review to determine whether Petitioner's burden was met; furthermore, the Commission's omission in this regard is a denial of Petitioner's right to due process. *Begis.*

In view of the foregoing, we are constrained to remand this case to the Commission for an adjudication which conforms with the law and its own regulations.

### ORDER

The order of the State Civil Service Commission is vacated and the case is remanded to the Commission for findings of fact and reasoning in support of its order.

Jurisdiction relinquished.