**In Re: Establishment of INDEPENDENT SCHOOL DISTRICT CONSISTING OF THE BOROUGH OF WHEATLAND, Mercer County, Pennsylvania**

**Farrell Area School District, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 17, 2006.

Decided Dec. 11, 2006.

James Nevant, II, Hermitage, for appellant.

Joann M. Jofery, Sharon, for appellee, Wheatland Educational Alternative Task Force.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, and COHN JUBELIRER, Judge.

OPINION BY Judge SMITH–RIBNER.

The Farrell Area School District (School District) appeals by permission from the interlocutory order of the Court of Common Pleas of Mercer County determining, *inter alia,* that the "Petition for Establishment of Independent School District for Purpose of Transferring from One School District to Another" (Petition) filed by various residents and taxpayers of the Borough of Wheatland (Wheatland) contained a majority of taxable inhabitants who favored establishment of an independent school district. The issue in this appeal is whether compliance with the procedural requirements under Section 242.1(a) of the Public School Code of 1949 (Public School

Code)[1] should be determined as of the date of filing of the original Petition or as of the date of the remand hearings in this case.

## I

The School District is a public school district, which encompasses Wheatland and the City of Farrell (Farrell). On December 13, 2002, a group of Wheatland residents and taxpayers identified as the Wheatland Educational Alternative Task Force (Petitioners) filed the Petition seeking to establish an independent school district consisting only of Wheatland for the purpose of transferring it to the West Middlesex Area School District, an adjacent school district, pursuant to Section 242.1(a) of the Public School Code. Section 242.1(a) provides in relevant part:

> A majority [[2]] of the taxable inhabitants of any contiguous territory in any school district or school districts, as herein established, may present their petition to the court of common pleas of the county in which each contiguous territory, or a greater part thereof, is situated, asking that the territory be established as an independent district for the sole purpose of transfer to an adjacent school district contiguous thereto....
>
> .... [T]he merits of the petition for its creation, from an educational standpoint, shall be passed upon by the Superintendent of Public Instruction and the petition shall not be granted by the court unless approved by him. The court of common pleas shall secure the reaction from the Superintendent of Public Instruction upon receipt of the petition properly filed.

The court, in its decree establishing such independent district for transfer purposes, shall also determine the amount, if any, of the indebtedness and obligations of the school district, from whose territory such independent district is taken, that said district shall assume and pay, and, a statement prorating the State subsidies payable between or among the losing district or districts and the receiving district. (Emphasis added.)

An "independent school district" does "not become an operating school district but will be created for transfer of territory only." *Id.* The term "taxable inhabitant" is construed as "one, who is, or who may lawfully be, taxed,—one who possesses all the qualifications necessary to authorize the proper taxing authorities to assess him with a tax." *In re Annexation of Chester Township*, 174 Pa. 177, 180, 34 A. 457, 457 (1896). The functions of the "Superintendent of Public Instruction" are now performed by the Secretary of Education. *See Petitioners for the Formation of an Independent School District v. Secretary of Education*, 107 Pa.Cmwlth. 160, 527 A.2d 1105 (1987).

The Petition contained 244 signatures of individuals who allegedly were taxable inhabitants of Wheatland. The Petitioners alleged that the proposed transfer would be in the best interest of the present and future school-aged children residing in Wheatland, and they requested the trial court to conduct a hearing to determine, among other things, whether a majority of Wheatland's taxable inhabitants had

---

1. Act of March 10, 1949, P.L. 30, *as amended,* added by Section 1 of the Act of June 23, 1965, P.L. 139, 24 P.S. § 2–242.1(a).

2. The term majority is defined as "[a] number that is more than half of a total; a group of more than 50% <the candidate received 50 .4% of the votes—barely a majority>." Black's Law Dictionary 974 (8th ed.2004).

signed the Petition.[3] The trial court dismissed the Petition based on proceedings held in February 2003 and review of depositions of individuals unable to attend the court hearings. It found that the Petitioners only established that 71 signatories were taxable inhabitants of Wheatland and that even using the 463 total taxable inhabitants claimed the Petitioners failed to establish that 51 percent of the taxable inhabitants favored the proposed independent school district.

The Petitioners appealed, and this Court accepted their argument that the trial court erred in failing to accord the Petition signatures presumptive validity and instead placing the burden on the Petitioners to prove the legitimacy of each and every signature. The Court held as follows:

> [Section 242.1(a) of the Public School Code] initially places the burden on petitioners seeking to establish an independent district to 'present' their petition to the trial court, with signatures of 51% of the taxable inhabitants.... Because Section 242.1(a) ... only requires that petitioners 'present' the petition, once 'presented,' a rebuttable presumption is created that the signatures on the petition are valid and that they represent 51% of the taxable inhabitants. At the required hearing ..., the burden then shifts to the challenging parties ... to prove that the petition is insufficient under Section 242.1(a). This could be established by, *inter alia*, (1) proof that the petition lacks the pleading requirements set forth in Section 242.1(a); (2) proof that the signatures on the petition are invalid; (3) proof that signatories on the petition are not taxable inhabitants

of the area in question; or (4) proof that there is a lack of a majority of taxable inhabitants on the petition. (Footnote omitted.)

*In re Establishment of Independent School District Consisting of the Borough of Wheatland,* 846 A.2d 771, 775 (Pa. Cmwlth.2004) (*Borough of Wheatland*). The Court vacated the trial court's order and remanded the case for further proceedings.

On remand, the trial court permitted the Petitioners to amend the Petition to submit additional signatures, and it held hearings beginning June 23, 2005. The parties stipulated that the total number of signatures submitted to the trial court was 415, including the 244 signatures contained in the original Petition and that there were 578 taxable inhabitants of Wheatland for the tax year 2002 and 570 taxable inhabitants for the tax year 2004. *See* Trial Court's December 14, 2005 Order; Reproduced Record (R.R.) at 243a–245a. Thereafter, the trial court ruled that the appropriate time period for determining the number of taxable inhabitants was "at the time of the 2005 hearings." Trial Court's January 9, 2006 Decision, Findings of Fact No. 6; R.R. at 247a. Based on the parties' stipulation and the evidence presented, the trial court found that 103 out of 415 signatures were invalid for the following reasons: 44 signatories subsequently recanted their signatures; 1 signatory died prior to filing of the Petition; 13 signatories moved out of Wheatland after the Petition was filed; 24 signatures were duplicates; and 21 signatories were not taxable inhabitants of Wheatland at the time of the hearings.

---

**3.** Section 242.1(a) also requires that a petition must set forth a proper description of the boundaries of the territory to be included in a proposed independent district, the reasons for requesting a transfer to another school district and the name of the district into which its territory is proposed to be placed. The Petitioners' compliance with these requirements is not disputed.

The trial court then determined that the remaining 312 valid signatures established a majority of Wheatland's 570 taxable inhabitants under the "tax duplicate" for the year ending December 31, 2004, which was the most recent available prima facie evidence of taxable inhabitants during 2005.[4] Finding that the Petition complied with the procedural requirements under Section 242.1(a) of the Public School Code, the trial court directed the prothonotary to certify the record to the Secretary of Education for a determination of the merits of the Petition. The School District filed a motion to certify the interlocutory order for appeal by permission, but the trial court denied it pursuant to Section 702(b) of the Judicial Code, *as amended,* 42 Pa. C.S. § 702(b). By order dated March 28, 2006, this Court granted the School District's petition for review of the interlocutory order pursuant to Rule 1311 of the Pennsylvania Rules of Appellate Procedure.

## II

■ The Court's review of the trial court's order is limited to determining whether it committed an error of law or an abuse of its discretion. *See Borough of Wheatland.* In considering a petition filed under Section 242.1(a) of the Public School Code, the trial court "only has the limited role of determining whether there has been procedural compliance with the statutory provisions...." *Appeal of East Brady Independent School District,* 157 Pa.

Cmwlth. 540, 546 n5, 630 A.2d 537, 540 n5 (1993). In addition, the trial court "has no power or authority to inquire into or determine the merits of the petition requesting [a] transfer, or the reasons assigned by petitioners, which role is exclusively within the province of the designated educational authorities." *In re Establishment of Independent School District Consisting of the Western Portions of Hamlin and Sergeant Townships,* 22 Pa.Cmwlth. 455, 461, 349 A.2d 480, 483 (1975).

The School District argues that the Petitioners' compliance with the requirements of Section 242.1(a) of the Public School Code should be determined as of December 13, 2002, the date of filing of the original Petition and not as of the date of the 2005 remand hearings. The School District maintains that allowing the Petitioners to add more signatures to the Petition until the final remand hearing created "a shifting target" and "a virtually insurmountable task" for it to meet, *see* Brief at 15; that implicit in the remand decision was a ruling that the essential facts are to be fixed when the Petition was "presented," *id.* at 17; that in its remand order the Court did not grant the Petitioners a right to start the process anew without withdrawing the original Petition; that delay resulting from the appeals should not be a basis for allowing the Petitioners an opportunity to make their case stronger by adding more signatures; and that the trial court changed the relevant tax base year at the eleventh hour.[5] The Petitioners

---

4. In stating that the tax duplicate would be prima facie evidence of the number of tax inhabitants, the trial court relied on *Borough of Wheatland,* 846 A.2d at 775 n. 10, in which the Court stated that "[t]he assessors' list is the best and readiest evidence of this liability to be taxed, just as the registry list is the best and readiest evidence of the right of a citizen to vote." *See* Trial Court's December 24, 2005 Order n1; R.R. at 243a.

5. During the remand hearings, the trial court stated that "December of 2002" is "the key date" and that the individual who was "not a taxable inhabitant on that date ... ha[d] no business signing a petition on 4–18–05." July 25, 2005 Hearing, N.T., p. 26; R.R. at 170a. The trial court also included only "non-taxable inhabitant[s] as of December 13, 2002" in the "class of ineligibility." Trial Court's October 18, 2005 Order; R.R. at 236a.

argue that the School District's position is negated by its request for the removal of signatures of those individuals who recanted their signatures after filing of the Petition.

■ The specific purpose of this Court's February 27, 2004 remand order was for the trial court to apply the proper burden of proof and to decide whether the School District rebutted the presumption that "the signatures on the petition are valid and that they represent 51% of the taxable inhabitants." *Borough of Wheatland,* 846 A.2d at 775. The Court did not direct the trial court to allow the Petitioners an opportunity to amend the Petition to add more signatures. Where a case is remanded for a specific and limited purpose, "issues not encompassed within the remand order" may not be decided on remand. *Budd Co. v. Workers' Compensation Appeal Board (Kan),* 858 A.2d 170, 180 (Pa.Cmwlth.2004).

■ To support its determination that the number of taxable inhabitants should be made as of the date of the remand hearings, the trial court reasoned that:

> [w]hen the filing of the petition and the hearing thereon are years apart (through no fault of the parties), the relevancy, materiality, and validity of the petition's assertion must be decided as of the time of the hearing thereon not the time of its filing. The Court in

recognition of the time delay between filing and hearing allowed Petitioners to amend the Petition to add signatures after the filing date and allowed the School District to present evidence of recants, deaths, and loss of taxable status post-filing date.

Trial Court's January 9, 2006 Decision, pp. 3–4; R.R. at 248a–249a. It is patently clear that the trial court exceeded the scope of this Court's remand order by allowing the Petitioners to amend the Petition to add signatures after the December 2002 filing date and by counting 171 additional signatures submitted on remand in determining whether a majority of taxable inhabitants of Wheatland favored the proposed establishment of an independent school district.[6]

In *Allison Township Annexation,* 4 Lyc. 80 (C.P.Pa.1953), the trial court considered the issue of whether taxable inhabitants should be counted as of the filing of the petition for annexation on March 17, 1952, as of December 31, 1951 when the assessor was to officially file the list of taxables or as of the time when the list was formally prepared in the commissioner's office. In concluding that the taxable inhabitants should be determined as of the date of the filing of the petition, the trial court reasoned:

> Those who moved from the district before the petition was presented to the council have no proper interest in the proceedings, whereas those who moved

---

**6.** The trial court relied upon *In re: Establishment of the Independent School District Consisting of Lewis Township,* 20 Lyc. 446 (C.P.Pa.1998), to justify its decision to allow the Petitioners an opportunity to amend the Petition on remand. In *Lewis Township* the petition to create an independent school district was filed on August 5, 1998. The trial court granted the petitioners' request for leave to amend the petition to include additional names at a first hearing held on October 7, 1998 "in the interest of judicial efficiency," *id.* at 448, and it used the tax rolls as of

the date of the first hearing when the last signatures were admitted to determine the number of taxable inhabitants. The trial court noted that the petitioners could merely withdraw and refile their petition with the additional names. While an amendment to a pleading should be liberally permitted, *see Burger v. Borough of Ingram,* 697 A.2d 1037 (Pa.Cmwlth.1997), that principle is inapplicable where the case was already decided by the trial court after the hearings, and the remand order did not expressly direct the trial court to permit amendment to the Petition.

into the district, even after the assessment list was completed, but before the date of presentation to the council, do have a proper interest as to whether or not there should be an annexation. One who pays taxes but moves from the district before the presentation of the petition may be a taxable, but he should not be considered as an inhabitant of the district.

*Id.* at 89. The Court agrees with the trial court's reasoning in *Allison Township,* and it accordingly holds that the Petitioners' compliance with the procedural requirements under Section 242.1(a) of the Public School Code must be determined as of the date of filing of the Petition. The trial court therefore should have limited its consideration on remand to the issue of the original Petition's compliance with the procedural requirements of Section 242.1(a) as of the date of filing of the Petition on December 13, 2002.

■ The parties stipulated that "the number of taxable inhabitants for tax year 2002 is 578." *See* Paragraph (7) of the Trial Court's December 14, 2005 Order; R.R. at 245a. Assuming the validity of all of the 244 signatures presented with the original Petition filed December 13, 2002, those signatures fall short of the required valid signatures representing a majority of the stipulated total number of taxable inhabitants for tax year 2002, *i.e.,* 290 valid signatures. That figure is reduced to 286 if the Court accepted 570 as the total number of taxable inhabitants for the tax year. Because the record amply demonstrates the Petitioners' failure to comply with all of the procedural requirements under Section 242.1(a) of the Public School Code by presenting signatures in the original Petition of a majority of Wheatland's taxable inhabitants who favored establishment of an independent school district, the trial court erred in determining that the

Petition complied with Section 242.1(a). The Court, consequently, reverses the trial court's order.

### ORDER

AND NOW, this 11th day of December, 2006, the Court reverses the order of the Court of Common Pleas of Mercer County.