### In Re: PETITION FOR FORMATION OF INDEPENDENT SCHOOL DISTRICT

**Appeal of: Riegelsville Tax & Education Coalition.**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 2008.
Decided Dec. 19, 2008.

William H.R. Casey, Doylestown, for appellant.

David F. Conn, New Britain, for appellee, Palisades School District.

Alan B. McFall, Bangor, for appellee, Easton Area School District.

M. Patricia Fullerton, Asst. Chief Counsel, for appellee, PA Department of Education.

BEFORE: LEADBETTER, President Judge, and FRIEDMAN, Judge (P), and SIMPSON, Judge.

OPINION BY Judge FRIEDMAN.

The Riegelsville Tax & Education Coalition (Coalition)[1] appeals from the February 27, 2008, order of the Court of Common Pleas of Bucks County (trial court), which denied the Coalition's Petition for Formation of Independent School District (Petition) because the Secretary of Education (Secretary) determined that the Petition lacked merit from an educational standpoint. We vacate and remand.

The Coalition filed its Petition pursuant to section 242.1(a) of the Public School Code of 1949 (Code)[2] seeking to transfer all school-related services from the Easton

---

1. The Coalition is a nonprofit corporation formed to promote the advancement of quality education for the students of Riegelsville Borough. (R.R. at 83a.)

2. Act of March 10, 1949, P.L. 30, added by the Act of June 23, 1965, P.L. 139, *as amended*, 24 P.S. § 2–242.1(a). Section 242.1(a) of the Code provides, in pertinent part, as follows:

   A majority of the taxable inhabitants of any contiguous territory in any school district or school districts ... may present their petition to the **court of common pleas** ... asking that the territory be established as an independent district for the sole purpose of transfer to an adjacent school district contiguous thereto.... Such petitions shall set forth ... the reasons of the petitioners for requesting such transfer to another school district and the name of the district into which its territory is proposed to be placed.
   The court shall hold hearing thereon.... In all cases where an independent district is proposed for transfer from one school district to another, **the merits of the petition for its creation, from an educational standpoint, shall be passed on by the [Secretary] and the petition shall not be granted by the court unless approved by him.** The court

Area School District to the Palisades School District. In its Petition, the Coalition alleged that the proposed transfer would be in the best interests of the present and future school-aged children residing in the applicable territory of Riegelsville Borough (Borough).[3]

The trial court referred the matter to the Secretary, who requested that the affected school districts provide information that would enable the Secretary to make an informed decision. On January 24, 2008, the Secretary determined that the proposed transfer lacked merit from an educational standpoint. In a letter to the trial court, the Secretary stated:

> The Department [of Education] reviewed the information submitted by the petitioners and school districts in response to the Department's questionnaire. All materials submitted in this matter have been thoroughly reviewed in reaching my decision. Upon review of these materials, I find the following:
>
> 1. The information submitted establishes that petitioners seek to transfer a portion of Riegelsville Borough from the Easton Area School District to the Palisades School District.
>
> 2. The information submitted does not establish that the school districts provide unacceptable academic programs and/or learning environments.
>
> 3. There is no educational benefit to the proposed transfer.
>
> For these reasons, I find that the proposed transfer lacks merit from an educational standpoint.

(R.R. at 266a.) As a result of the Secretary's determination, and pursuant to section 242.1(a) of the Code, the trial court denied the Petition.[4]

The Coalition filed a notice of appeal. In its concise statement of matters complained of on appeal, the Coalition argued that the trial court erred in denying the Petition based on the Secretary's determination because the Secretary violated section 507 of the Administrative Agency Law (Law)[5] and the Coalition's due process

---

of common pleas shall secure the reaction from the [Secretary] upon receipt of the petition properly filed.

24 P.S. § 2–242.1(a) (emphasis added).

3. Currently, one part of the Borough is in the Easton Area School District, and another part of the Borough is in the Palisades School District. (R.R. at 85a.) Thus, the Coalition would like all Borough students to have the right to attend school in the same school district. In fact, the general rule governing school districts is that "each city, incorporated town, borough, or township in this Commonwealth, now existing or hereafter created, shall constitute a separate school district." Section 201 of the Code, 24 P.S. § 2–201. Thus, in general, students in a particular borough should attend the same schools.

In discussing the current situation, the Coalition pointed out to the trial court that the Borough is a satellite of the Easton Area School District and that students in the Easton portion of the Borough actually ride on buses through the Wilson School District in order to get to school in the Easton Area School District. (R.R. at 88a, 106a.) The Easton Area School District has 9,000 students, and only sixty-five come from the Borough. (R.R. at 186a.)

4. In *In Re Establishment of Independent School District Consisting of the Borough of Wheatland,* 846 A.2d 771, 773 n. 2 (Pa. Cmwlth.2004), *appeal denied,* 582 Pa. 689, 870 A.2d 324 (2005), this court noted:

> Under Section 242.1 of the Public School Code, the trial court has the limited role of determining whether there has been procedural compliance with the statutory provisions; it has no authority to inquire into or determine the merits of the petition requesting the transfer, and it does not inquire into the reasons assigned by the petitioners. That role is exclusively within the province of the designated educational authorities.

5. 2 Pa.C.S. § 507. Section 507 of the Law states, "All adjudications of a Commonwealth agency ... shall contain findings and the reasons for the adjudication...." *Id.*

rights by failing to issue an adjudication containing findings and the reasons for the adjudication.

In considering these issues, the trial court concluded that the Secretary did not violate section 507 of the Law because the Secretary's determination was not adjudicatory in nature. The trial court also concluded that the Secretary did not violate the Coalition's due process rights because the Coalition was not deprived of a property right. In reaching these conclusions, the trial court noted that the Secretary has discretion to approve or disapprove a petition; that the trial court may not inquire into the merits of a petition filed pursuant to section 242.1 of the Code; and that, in these matters, the trial court has no record relating to the merits of such petition. The Coalition now appeals to this court.

Preliminarily, we note that, under *Petitioners for the Formation of an Independent School District v. Secretary of Education*, 107 Pa.Cmwlth. 160, 527 A.2d 1105 (1987) (*North Allegheny*), this court may review a Secretary's disapproval letter in an appeal of a trial court's order denying a petition based on the letter. In *North Allegheny*, a group filed a petition for the formation of an independent school district with a court of common pleas, and, as here, the Secretary disapproved. Without waiting for the court to enter an order denying the petition, the group sought mandamus in this court to compel the Secretary to approve the group's petition. This court denied mandamus, stating that mandamus will not lie where there is another appropriate and adequate remedy, and the group had such a remedy in the taking of an appeal from the order of the court of common pleas denying the petition. This court explained:

Under Section 242.1, the Secretary has the discretion to approve or disapprove a petition for transfer based on its edu-cational merits. After determining whether the petition meets the procedural requirements of Section 242.1, the trial court must then enter a decree in accordance with the Secretary's decision. Thereafter, an affected party may appeal to this Court.

Petitioners herein, therefore, had an appropriate and adequate remedy without seeking mandamus from this Court. We cannot at this point review the merits of their petition for transfer when Petitioners did not avail themselves of the appropriate appellate process.

*Id.* at 1106 (citation omitted). Inasmuch as the Coalition has complied with this court's direction for challenging the determination of the Secretary, we shall now address the Coalition's arguments.

## I. Adjudication

■ The Coalition argues that the Secretary violated section 507 of the Law by failing to provide findings and the reasons for the adjudication. To resolve this issue, we first consider whether the Secretary's disapproval letter falls within the definition of "adjudication" in section 101 of the Law.

An "adjudication" is defined as:

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.

2 Pa.C.S. § 101. Here, there is no question that the Secretary's disapproval of the Petition based on its lack of merit from an educational standpoint was a final determination by an agency because, once the Secretary issued the disapproval letter, the trial court could not grant the Petition. In addition, the Secretary's final determination affects the Coalition's right to seek a better public education for the children of the Coalition's members and the other

children in the Easton portion of the Borough.

Article 3, section 14 of the Pennsylvania Constitution requires that the General Assembly provide a thorough and efficient system of public education to serve the needs of the Commonwealth. PA. CONST., art. 3, § 14. Toward that end, section 1301 of the Code gives every child between the ages of six and twenty-one years the right to attend the public schools of the school district in which he or she resides. 24 P.S. § 13–1301. Moreover, section 242.1 of the Code gives parents the right to seek to improve the public education of their children by filing a petition with the court of common pleas for the creation of an independent school district for the purpose of transferring to an adjacent school district. If the Secretary determines that the proposed transfer would not advance the public education of affected students, that determination, if incorrect, precludes the improvement of public education that parents have the right to seek for their children. For that reason, the Secretary's final determination is an adjudication under the Law.

Having resolved that matter, the next question is whether the Secretary complied with section 507 of the Law.

## II. Section 507 of the Law

■ The Coalition argues that the Secretary's findings do not comply with section 507 of the Law because they do not provide the factual underpinning of the Secretary's conclusion.[6] We agree.

Section 507 of the Law requires that adjudications contain findings of fact that are "sufficiently specific to enable [a reviewing] court ... to pass upon questions of law." *Henderson v. Office of Budget*, 113 Pa.Cmwlth. 306, 537 A.2d 85, 86 (1988). Here, the Secretary found, in effect, that the Coalition failed to submit sufficient information to establish that the proposed transfer has merit from an educational standpoint. However, in *Henderson*, this court held that adjudications stating only that a party "failed to present evidence" to meet his or her burden do not comply with section 507 of the Law. *Id.* Indeed, the Secretary's findings reveal nothing about the information submitted, i.e., what the Secretary believed and considered and what the Secretary did not believe or consider. Absent any specific findings regarding the evidence, it is impossible for this court to conduct appellate review of the Secretary's adjudication.

Accordingly, we vacate and remand to the trial court in order that the trial court may secure a proper adjudication from the Secretary regarding the merits of the Petition from an educational standpoint. Along with the adjudication, the Secretary shall provide the trial court with the record upon which the adjudication is based in the event of a further appeal.[7]

### ORDER

AND NOW, this 19th day of December, 2008, the order of the Court of Common

---

6. The Secretary has discretion in determining the merits of a petition from an educational standpoint. *North Allegheny.* An appellate court will find an abuse of discretion where the evidence of record shows that: (1) in reaching a conclusion, the Secretary overrode or misapplied the law; (2) the Secretary's exercise of judgment was manifestly unreasonable; or (3) the Secretary's judgment was the result of partiality, prejudice, bias or ill-

will. *Bowser v. Blom*, 569 Pa. 609, 807 A.2d 830 (2002).

7. Having determined the matter before us under section 507 of the Law, we need not address the constitutional issue raised by the Coalition. *See Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002) (stating that a court should not reach a constitutional issue if the case can be decided on non-constitutional grounds).

Pleas of Bucks County (trial court), dated February 27, 2008, is hereby vacated, and this case is remanded to the trial court in order that the trial court may secure a proper adjudication from the Secretary of Education. It is further ordered that the Secretary of Education shall forward the record upon which the adjudication is based to the trial court in the event of a further appeal.

Jurisdiction relinquished.