# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Pennsylvania State Police, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 529 C.D. 2023 |
| | : | Submitted: May 7, 2024 |
| Kelvin J. Torres, | : | |
| Respondent | : | |

BEFORE: **HONORABLE RENÉE COHN JUBELIRER,** President Judge
**HONORABLE CHRISTINE FIZZANO CANNON,** Judge
**HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED: June 7, 2024

The Pennsylvania State Police (Petitioner) petitions for review of the Order of an Administrative Law Judge (ALJ) of the Office of Attorney General (OAG) that granted Kelvin J. Torres (Respondent)[1] relief from Petitioner's determination that Respondent was prohibited from purchasing or transferring a firearm pursuant to Section 902(g)(1) of the Federal Gun Control Act, 18 U.S.C. § 922(g)(1) (federal prohibition).[2]  Because the ALJ did not issue an adjudication that complied with

---

[1] Respondent is precluded from filing a brief or participating in oral argument for not filing a brief.

[2] Section 922(g)(1) provides:

> It shall be unlawful for any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

Section 507 of the Administrative Agency Law, 2 Pa.C.S. § 507, we vacate the Order and remand for the ALJ to issue an adjudication that comports with this requirement.

In July 2021, Respondent submitted to a background check in order to purchase a firearm, which he failed due to his 2000 convictions for violating Sections 903 and 907 of the Crimes Code, 18 Pa.C.S. §§ 903 (conspiracy), 907 (possessing an instrument of crime). Both offenses were graded first-degree misdemeanors that carried up to five years' incarceration. Section 1104(1) of the Crimes Code, 18 Pa.C.S. § 1104(1). Petitioner concluded that these convictions triggered the federal prohibition precluding Respondent from purchasing or transferring firearms. Respondent filed a challenge of that determination with Petitioner pursuant to Section 6111.1(e) of the Uniform Firearms Act of 1995 (UFA), 18 Pa.C.S. § 6111.1(e).[3] Petitioner upheld the determination, and Respondent appealed to the OAG, which assigned the ALJ to the appeal.

The ALJ held a hearing at which Petitioner presented evidence in support of the denial, including evidence of Respondent's convictions and that the firearm Respondent sought was not manufactured in Pennsylvania. Respondent testified about the circumstances of his 2000 convictions, which he did not deny, and his life since then, including his military service and current attempts to receive a pardon or other relief from the convictions. On April 30, 2023, the ALJ issued the Order granting Respondent's appeal because Petitioner had not met its burden of proving by a preponderance of the evidence that Respondent was prohibited from purchasing a firearm under state or federal law. In a footnote, the ALJ reasoned that given the

---

[3] Section 6111.1(e)(1) provides in pertinent part that "[a]ny person who is denied the right to . . . purchase a firearm . . . may challenge the accuracy of that person's criminal history . . . pursuant to a denial by the instantaneous records check by submitting a challenge to the Pennsylvania State Police within 30 days from the date of the denial." 18 Pa.C.S. § 6111.1(e)(1).

2

circumstances of the offenses of which Respondent was convicted and Respondent's military service, it could not have been the legislature's intent to prohibit someone like Respondent from purchasing a firearm and that doing so could present "a strong argument" that the application of these laws to Respondent was unconstitutional. (Order at 1-2 n.1.) The ALJ further stated, in a footnote, that "[i]f a petition for review is filed in the Commonwealth Court, this tribunal will file a formal and detailed Statement of Findings and Reasons for Adjudication in conformity with [Pennsylvania Rule of Appellate Procedure 1925(a),] Pa.R.A.P. 1925(a)." (*Id.* at 2 n.2.) Petitioner timely filed a petition for review, challenging the ALJ's Order. Notwithstanding Petitioner's petition for review, the certified record contains no "formal" Adjudication by the ALJ.

On appeal,[4] Petitioner asserts several arguments, both procedural and on the merits, seeking reversal or vacation of the ALJ's Order. Procedurally, Petitioner argues the ALJ erred by not rendering an adjudication that complied with Section 507 of the Administrative Agency Law, and the matter should be remanded for the ALJ to do so. Petitioner contends the ALJ's reliance on Rule 1925(a) was misplaced, as that rule applies to courts of common pleas, not to administrative agencies. Absent an adjudication that addresses the case in its entirety or provides adequate findings and explanations to allow Petitioner to "make a comprehensive decision concerning the case," this Court cannot perform effective appellate review. (Petitioner's Brief at 14.) We agree.

---

[4] "On appellate review, we will affirm the decision of an administrative agency unless constitutional rights were violated, an error of law was committed, the procedure before the agency was contrary to statute, or any finding of fact made by the agency and necessary to support its adjudication is unsupported by substantial evidence." *Pa. State Police v. Doe*, 217 A.3d 455, 461 n.5 (Pa. Cmwlth. 2016) (citation omitted).

3

Section 507 requires, relevantly, that "[a]ll adjudications of a Commonwealth agency shall be in writing, [and] shall contain findings and the reasons for the adjudication." 2 Pa.C.S. § 507. "[O]ur Supreme Court has [] stated that an 'agency opinion needs to contain sufficiently detailed findings of fact . . . so that the Commonwealth Court can perform a meaningful review.'" *Salters v. Pa. State Police Mun. Police Officers' Educ. & Training Comm'n*, 912 A.2d 347, 355 (Pa. Cmwlth. 2006) (quoting *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transport)*, 828 A.2d 1043, 1055 (Pa. 2003)). "The absence of such a[n] [] adjudication could preclude a court from conducting meaningful appellate review, thus implicating the constitutional guarantee of a 'right of appeal . . . from an administrative agency to a court of record or to an appellate court . . . .'" *Id.* at 355 n.16 (quoting article V, section 9 of the Pennsylvania Constitution, PA. CONST. art. V, § 9). "Absent any specific findings regarding the evidence, it is impossible for this court to conduct appellate review of the [factfinder's] adjudication." *Petition for Formation of Indep. Sch. Dist.*, 962 A.2d 24, 28 (Pa. Cmwlth. 2008).

The ALJ's "adjudication" in this matter is a footnoted Order that does not set forth any findings of fact or conclusions of law beyond stating that Petitioner did not meet its burden of proof. It does not address the case in its entirety; there is nothing therein that sets forth what that burden of proof required or how Petitioner's evidence failed to satisfy the same. It does not address Petitioner's evidence at all. In fact, the ALJ **recognized** that the Order did not contain specific findings of fact and specific reasons for the adjudication, indicating that **those would be issued** if a petition for review was filed, citing Rule 1925(a). (Order at 2 n.2.) However, Rule 1925(a) applies to courts of common pleas, not decisions of administrative agencies. Thus, the ALJ **erred** in relying on Rule 1925(a) to justify not filing an adjudication

4

that comports with the requirements of Section 507 of the Administrative Agency Law. Even if Rule 1925(a) was to apply, despite the filing of the petition for review, the certified record is devoid of a formal adjudication by the ALJ explaining the specific reasons and facts upon which the ALJ relied in granting relief in this matter. This failure precludes the Court from performing meaningful appellate review.

Accordingly, the Order is vacated, and this matter is remanded to the ALJ for the issuance of an adjudication that complies with Section 507 of the Administrative Agency Law. The Court will retain jurisdiction. The ALJ shall issue a compliant adjudication within 60 days, and the OAG shall recertify the record to this Court to include this adjudication within 15 days of the adjudication's issuance.

**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State Police,          :
              Petitioner     :
                           :
         v.            :   No. 529 C.D. 2023
                           :
Kelvin J. Torres,           :
            Respondent  :

## O R D E R

**NOW**, June 7, 2024, the April 30, 2023 Order of the Office of Attorney General's Administrative Law Judge (ALJ), entered in the above-captioned matter, is **VACATED**, and the matter is remanded for the ALJ to issue an adjudication in accordance with Section 507 of the Administrative Agency Law, 2 Pa.C.S. § 507. The ALJ is **DIRECTED** to issue a compliant adjudication within 60 days of the exit date of this Order, and the Office of Attorney General shall **RECERTIFY** the record to this Court to include this adjudication within 15 days of the adjudication's issuance.

Jurisdiction retained.

_____
**RENÉE COHN JUBELIRER,** President Judge